[No. 1317, August 25, 1910.]

AMARILLO HARDWARE COMPANY, Appellee, v. J. F. McMURRAY, Appellant.

### SYLLABUS.

1. Where it was impossible to test a plow purchased by appellant in accordance with the warranty first given, and it is mutually agreed that it should be tested on other lands, this amounts to the making of a new contract and a

substitution of the place of test of the implement, all other terms of the sale remaining the same.

2. This court will not disturb findings supported by substantial evidence.

Appeal from the District Court for Chaves County before WILLIAM H. POPE, Chief Justice. Affirmed.

ED. S. GIBBANEY and GEORGE H. PEET for Appellant.

Warranty survives acceptance. Young v. Van Natta et al, 88 S. W. 123; Long v. J. K. Armsby Co., 43 App. Mo. 253, reaffirmed in 46 App. 537; 65 Mo. App. 229; 72 Mo. App. 556; 81 Mo. App. 545; 89 Mo. App. 411; McManus v. Watkins, 55 Mo. App. 82, reaffirmed 60 Mo. App. 117; 77 Mo. App. 301; Day v. Pool, 52 N. Y. 416; Briggs v. Hilton, 99 N. Y. 517; Fairbanks Canning Co. v. Metzger, 118 N. Y. 260; Hoe v. Sanborn, 21 N. Y. 552; Bierman v. City Mills, 151 N. Y. 482.

Acceptance is no waiver in case of executory contracts. A. & E. Enc., vol. 30, p. 186, 2 ed., Warranty; Tacoma v. Bradley, 2 Wash. 600; Haven v. Neal, 43 Minn. 315; Weed v. Dyer, 53 Ark. 155; Halley v. Falsom, 1 N. Dak. 325; Nash v. Weidenfeld, 41 N. Y. App. Div. 511, affirmed 166, N. Y. 612; Brown v. Baird, 5 Okla. 133; Hume v. Sherman Oil, etc., Co., 27 Tex. Civ. App. 366.

Courts regard warranty and condition precedent alike, as matters of good defense, upon suit by vendor for purchase price and breach. Morse v. Moore, 13 L. R. A. 224; Cleveland Linseed Oil Co. v. Buchanan & Sons, 120 Wend. 909; Northwestern Cordage Co. v. Rice, 5 N. Dak. 434, 67 N. W. 298; English v. Spokane Commission Co., 48 Fed. 197; 104 N. Y. 451.

It is a presumption of law that if something remains to be done for the purpose of testing the property, or of fixing the amount to be paid by weighing, measuring or the like, title does not pass until such act is done. 24 A. & E. Enc. 1049; McFadden v. Henderson, 128 Ala. 221; Clarke v. Wolfe, 115 Ga. 320; Platter v. Acker, 13 Ind.

App. 417; McClung v. Kelley, 21 La. 508; Larkin v. Johnson, 8 Kan. App. 144; Tyler Lumber Co. v. Charlton, 128 Mich. 299; Simpson v. State Bank, 55 Neb. 240; Hopkins v. Davis, 23 N. Y. App. 235; Wadhams v. Balfour, 32 Oregon 313; Parman v. Marshall, 51 S. W. 116 Tenn.; Edwards v. Irvin, 45 S. W. 1026, Texas; Cornell v. Clark, 104 N. Y. 451.

Waiver under the law must be founded upon estoppel. Williams v. Neeley, 69 L. R. A. 232.

MADDEN & TRULOVE, REID & HERVEY and J. M. O'BRIEN for Appellee.

Until a contract is executed upon one side, the parties may change, alter or rescind same by mutual agreement, and may substitute a new agreement or new terms in place of the old. McCreery v. Day, 119 N. Y. 1, 23 N. E. 198, 16 Am. St. Rep. 793, 6 L. R. A. 503; Hathaway v. Lynn, Wis., 43 N. W. 956, 6 L. R. A. 551; Perkins v. Hoyt, 35 Mich. 506; Fine v. Rogers, 15 Mo. 316; Chouteau v. Jupiter Iron Wks., 83 Mo. 73; 35 Cyc. p. 124; Cutter v. Cochrane, 116 Mass. 408; Langford v. Cummings, 4 Ala. 46; Miles v. Roberts, 34 N. H. 245.

The mutual promises of the parties to substitute the new agreement are sufficient consideration for each other. Perkins v. Hoyt, 35 Mich. 506; Hathaway v. Lynn, Wis., 6 L. R. A. 551; Cutler v. Cochrane, 116 Mass. 408; Fine v. Rogers, 15 Mo. 316; Ruege v. Gates, 71 Wis. 634; McClay v. Gluck, Minn., 72 N. W. 875.

The question of intention to rescind a contract, or to mutually alter same or its terms, or to substitute new terms for old, is a question of fact. Manhattan, etc., Co. v. Allis, etc., Co., Kan., 54 Pac. 689; Eppens v. Littlejohn, N. Y., 58 N. E. 19, 52 L. R. A. 811; Chauteau v. Jupiter Iron Works, 83 Mo. 73; Rogers v. Rogers, Mass., 1 N. E. 122; Fine v. Rogers, 15 Mo. 316; McClay v. Gluck, Minn., 42 N. W. 875.

Distinction between methods of acceptance. Estep v. Fenton, 66 Ill. 467; Mears v. Nichols. 41 Ill. 207, 89 Am.

Dec. 381; Underwood v. Wolf, 131, Ill. 425, 19 Am. St. Rep. 40; 35 Cyc. 141.

Findings of fact of the trial court will not be disturbed by the appellate court where they are based on substantial evidence to sustain them. Hancock v. Beasley, 14 N. M. 239, 91 Pac. 735; Eagle Mining Co. v. Hamilton, 14 N. M. 271, 94 Pac. 949; Richardson v. Pierce, 14 N. M. 334, 93 Pac. 715; Candelaria v. Miera, 13 N. M. 360, 84 Pac. 1020.

If a warranty is conditioned upon a trial for a limited time, and the trial within that time is satisfactory to the buyer or if the warranty is conditioned upon a test and the test proves satisfactory, the warranty is deemed fulfilled. Thesler v. Hopkins, 85 Ill. App. 207; Scroggen v. Wood, Iowa, 54 N. W. 437; Bayliss v. Hennessey, Iowa, 6 N. W. 46; McParlin v. Boynton, 8 Hun., N. Y., 499, affirmed in 71 N. Y. 604.

## OPINION OF THE COURT.

PARKER, J.—Appellee brought an action in the court below for goods sold and delivered, the principal item of which was a three section Emerson disk plow operated by means of a steam engine. Appellant defended upon the ground that the plow was sold upon the express warranty that the said plow would break up and properly turn over the salt grass sod of the defendant upon his farm east of Roswell. He also pleaded an implied warranty to the same effect and charged that the plow failed to do the work in compliance with the warranty. Appellee replied, denying the warranties alleged in the answer. The cause was tried by the court without a jury and the court made the following findings of fact:

"1. That the steam plow which constitutes the chief item of the account sued upon was bought upon the agreement that it was satisfactorily to plow the salt grass land on defendant's farm near Roswell, and if not satisfactory for this it was not to be accepted.

"2. Subsequently, to-wit, in December, 1906, the plaintiff's representative came to Roswell on a telegram from defendant to make the test and the roads to defend-

ant's farm being impassable for the plow by reason of snow and mud, and it being apparent that this condition would continue for some time, it was mutually agreed that the test of the plow should be made instead on Hondo land, southwest of the city of Roswell.

"3.   That thereupon a test was made upon such land in the presence of plaintiff's agent and the defendant in person which test proved satisfactory to the defendant and said plow was thereupon accepted by defendant as .complying with the terms of sale and the sale thereupon became thereby consummated."

It appears from the findings and evidence that after the plow had been shipped from Amarillo, Texas, to Roswell, New Mexico, the appellant requested appellee to send its representative to Roswell to set up and start the plow; that by reason of the condition of the roads to appellant's farm, it was impossible to make the test of the plow upon appellant's farm in accordance with the warranty first given; that thereupon it was mutually agreed between the appellant and appellee's representative that the test of the plow should be made on other lands not on appellant's farm.   This amounted to the making of a new contract and a substitution of the place of test of the implement.   It is urged that there is no consideration for this change of place of test, but we are unable to understand how any consideration was required.   If a consideration was required, then a consideration for the making of the original contract of sale would be required.   There was simply a substitution of terms of the contract in so far as the place of the test of the implement is concerned, all other terms of sale remaining the same.   This disposes of all of the questions raised in appellant's brief, except one, which we will notice hereafter.

Appellant complains of the findings of the court as being contrary to the weight of the evidence.   We have carefully examined the transcript and find that they are supported by substantial evidence, and, consequently, cannot be disturbed.   Candelaria v. Miera, 13 N. M. 360.

There being no error in the judgment, it will be affirmed; and it is so ordered.