Walters v. Ditto, 23 N. M., 558.

(No. 2047, December 31, 1917.)

## WALTERS v. DITTO.

### SYLLABUS BY THE COURT.

1. Where an article sold is equally open to inspection and examination of both parties, and the purchaser relies upon his own information and judgment, without requiring any warranty of the quality, no liability exists if the purchaser thereafter discovers some defect in the article; but this rule does not apply where the purchaser orders goods of a certain character, and he relies on the judgment of the seller, or goods of a certain described quality are offered for sale, and when delivered they do not answer the description directed or given in the contract. Where a party contracts to sell sheep, inspection not being available, and agrees that the sheep so offered shall be of better quality than certain sheep then exhibited, and that the lambs shall weigh between 60 and 70 pounds, he warrants the truth of such statements. P. 561

2. Where goods are delivered under a contract which do not comply with the quality of goods contracted for, the party to whom they were delivered may, upon notice given to the vendor and an offer to return, which is not accepted by the vendor, retain the goods and sue for damage. P. 562

Appeal from District Court, Chaves County; McClure, Judge.

Action by Ray Walters against C. G. Ditto, with cross-complaint by defendant. Judgment for defendant upon the cross-complaint, and for plaintiff for the difference, and plaintiff appeals. Affirmed.

Gibbany & Epstein, of Roswell, for appellant. R. D. Bowers, of Roswell, for appellee.

### OPINION OF THE COURT.

ROBERTS, J. This action was instituted in the court below by appellant against appellee to foreclose

a chattel mortgage securing a promissory note for $1,208 and interest. The mortgage was on certain sheep and horses. The complaint alleged that the sheep had been sold and the money received therefrom crdited on the note, and it was sought to foreclose the mortgage on the horses for the balance alleged to be due on the note, amounting to $706.64 and interest. Appellee filed an answer and cross-complaint, in which he admitted the execution of the mortgage and the balance due on the note, but alleged that he was entitled to a set-off against the note, reciting in detail the facts, which we summarize as follows:

On the 12th day of November, 1914, appellant and appellee entered into a contract for the sale of certain sheep to the number of 408 or thereabouts. The purchase price of these sheep, a portion of which were inspected by appellee, was $2.90 per head, and to secure the payment of this purchase price appellee executed and delivered to appellant the promissory note and mortgage in question. Thereafter, on the 25th day of November, 1914, the appellant and appellee agreed upon the sale of another herd of sheep to the number of about 639. It was alleged that it was agreed between the parties that said sheep were to be of better quality than the first herd pointed out and inspected by appellee, although not in quite the same flesh, the agreed price of which was to be $3.50 per head; that at the time of entering into said second contract the appellee requested appellant to show him the sheep to be delivered, but appellant stated that it would be almost impossible to locate them conveniently; that appellee could absolutely rely upon appellant's representations as to their quality, value, and condition; that the 200 wether lambs to be delivered would average between 60 and 70 pounds per head in weight, and that appellee was thereby induced to rely upon said description of said sheep and the reperesentation and word of appellant; that at the time of making said contract appellee gave to the appellant his certain promissory note in writing for the sum of $2,271-50, dated November 25, 1914, and interest, and that

to secure the note the defendant made and executed a certain mortgage upon described real estate in Chaves county, N. M.; that on the 15th day of December thereafter appellant delivered to appellee all of the sheep contracted for in both deals, except such number as had been lost during delivery. Appellant was not present at the time the sheep were delivered, but they were driven to appellee's home by employes of appellant. At the time of the delivery appellee inspected the sheep, and found that, in spite of the increased price paid for the second herd, they were of much poorer quality than the herd first pointed out; that contrary to the condititon of the sheep used as a sample or standard, and contrary to the description of them as given by appellant to appellee, the sheep as delivered were of inferior quality; the 200 lambs or so did not average more than 35 pounds per head in weight, and a number of the sheep were of considerable age and broken mouthed, and most of them were in a very poor and unsatisfactory condition, and contrary to the terms of the contract. Appellee notified appellant that he would not accept the sheep, and thereafter appellant and appellee attempted to agree upon an adjustment of the matter, but were unable to do so, and appellee notified appellant that he held the sheep subject to his order, but some time in January he notified appellant that he would retain the sheep and hold him liable for breach of the terms of the contract. The cross-complaint set out specifically the items of claimed damage in the sum of $1,000, and asked that the judgment be set off against such judgment as the appellant might recover under his complaint. To the cross-complaint appellant filed a demurrer in several paragraphs, which was overruled by the court, whereupon he filed a reply, and the case was heard by the court without the intervention of a jury. The court found that the allegations of the cross-complaint were true, and that appellee was entitled to recover the sum of $737 damages, and that such sum should be set off against the amount due appellant under the note and mortgage, leaving a net sum of

$74.65 due appellant from appellee. Judgment was rendered accordingly, from which judgment this appeal is prosecuted by appellant.

[1] Appellant relies upon two propositions for a reversal: First, that the court committed error in not sustaining the demurrer to the cross-complaint; and, second, in not sustaining the demurrer interposed by appellant to the evidence at the conclusion of cross-complainant's case. Appellant concedes that, if the cross-complaint stated facts sufficient to constitute a cause of action, he has waived the error in overruling the demurrer by filing a reply, but he insists that the cross-complaint wholly failed to so state a good cause of action. He relies upon the two grounds stated in his demurrer. First:

"That the rule of caveat emptor applies in all such purchases of personal property, and the cross-complainant at the time of the delivery of the sheep, as well as at the time of the purchase, had a. right to buy or not to buy the sheep at the price named by the owner, and by future purchase, delivery, and acceptance and sale of the sheep the cross-complainant will be deemed to have waived any such rights."

Second:

"That at the time of delivery and acceptance and purchase of the sheep the cross-complainant had his remedy in his hands, and need not have purchased or accepted. the sheep; but, after purchase and acceptance and resale, any representations of opinion of the plaintiff as to value, weight, or condition of the second herd of sheep purchased by cross-complainant will be deemed to have been concurred in by cross-complainant by the acceptance of the sheep when delivered, especially as the sheep were purchased at a fixed price per head, and not by weight."

From the argument advanced by appellant, it is evident that he relies upon the rule that where the article sold is equally open to the inspection and examination of both parties, and the purchaser relies upon his own information and judgment without requiring any warranty of the quality, no liability exists if the purchaser thereafter discovers some defect in the article; but this rule does not apply where the purchaser orders goods of a certain character and he

relies on the judgment of the seller, or goods of a certain described quality are offered for sale, and when delivered they do not answer the description directed or given in the contract. In such cases the articles delivered are not the articles which the vendee agreed to purchase, and there is an implied warranty that the articles shall answer the character called for or be of the quality described. Here, however, under the pleading in question, it was alleged that these 600 odd head of sheep were not accessible to inspection by appellee, that he did not see them, that appellant pointed out certain sheep then under examination by both parties, and stated to appellee that the sheep to be delivered under the second contract would be of a better quality than those exhibited, and that the lambs would weigh 60 and 70 pounds. This clearly constituted an implied warranty that the sheep to be delivered were of the quality described, and a failure on the part of appellant to comply therewith constituted a breach of his contract, for which he was liable, unless appellee waived his right by the acceptance of the sheep. A case note to the case of Springfield Shingle Co. v. Edgecomb Mill Co., 35 L. R. A. (N. S.) 258, collects all the authorities upon the question, which upon examination will be found to fully support our conclusion herein. Here, as stated, there was no opportunity for inspection, and the sheep were sold and the note and mortgage given upon representations made by the seller as to the quality of the sheep compared with samples exhibited to the purchaser, and the representations so made entered into and became a part of the contract.

[2] It is true that in cases of executory contracts for the sale and delivery of personal property, if the article furnished fails to conform to the agreement, the vendee's right to recover damages does not survive an acceptance of the property after opportunity to ascertain the defect, unless notice has been given to the vendor or the vendee offers to return the proprty. Fairbanks Canning Co. v. Metzger, 118 N. Y. 260, 23 N. E. 372, 16 Am. St. Rep. 753; Reed v. Randall,

29 N. Y. 358, 86 Am. Dec. 305; Beck v. Sheldon, 48 N. Y. 365; Coplay Iron Co. v. Pope, 108 N. Y. 232, 15 N. E. 335; note to the case of America Theatre Co. v. Siegel, Cooper & Co., 4 L R. A. (N. S.) 1167. But here the cross-complaint shows that notice was given to the vendor, and the vendee offered to return the property. Hence, if the failure of the goods to conform be treated as a breach of contract, and not as an express warranty, appellee brought himself within the rule and was entitled to recover. If, however, the condition be treated as an express warranty, then his right to recover damages for breach of warranty would survive an acceptance. Opinion of Parker, J., in the case of Fairbanks Canning Co. v. Metzger, supra. See, also, Elliott on Contracts, vol. 5, §4998, and cases cited in note to Springfield Shingle Co. v. Edgecomb Mill Co., supra.

It thus appears that the cross- complaint stated a good cause of action, and that the court properly overruled the demurrer.

As to the second point urged by appellant, it is sufficient to say that the proof produced on behalf of appellee, if believed by the court fully sustained the allegations of the cross-complaint, for which reason the action of the court in overruling the demurrer to the evidence requires no further consideration.

For the reasons stated the judgment of the court below will be affirmed, and it is so ordered.

HANNA, C. J., concurs. PARKER, J., being absent, did not participate.