305 P.2d 367

Roy L. PHARES and New Amsterdam Casualty Company, a Corporation, Plaintiffs-Appellants,

v.

SANDIA LUMBER COMPANY, a Partnership, Defendant-Appellee.

No. 6137.

Supreme Court of New Mexico.

Dec. 6, 1956.

Rehearing Denied Jan. 17, 1957.

Rodey, Dickason, Sloan, Mims & Akin, Albuquerque, for appellants.

Irwin S. Moise, Lewis R. Sutin, Albuquerque, for appellee.

SADLER, Justice.

The question for decision is whether a retail dealer who makes a sale of manila rope to a customer, engaged in construction work on his premises, is liable in damages to an employee of the customer for breach of an implied warranty of merchantability, workmanlike quality and freedom from defects, where due to latent defects, unobservable upon inspection, and consisting of cut and shredded strands, the rope broke, precipitating the plaintiff and the scaffold upon which he stood to the ground and injuring him.

It should be stated at the outset that this case was · determined on the pleadings.

The plaintiff filed his complaint in the district court of Bernalillo County against the defendant, Sandia Lumber Company, a co-partnership. The material allegations of the complaint read:

"2. On or about March 8, 1955, Marlin Butler, doing business as Tesuque Drive-in Theatre, purchased from the defendant certain 11/16 rope which was then and there warranted by the defendant to be of merchantable and workmanlike quality and free of defects. The defendant knew or reasonably should have known that the quality of said rope involved grave risk of injury to persons using it, particularly including persons working for said Marlin Butler.

"3. Notwithstanding, the foregoing, said rope was at the time it was sold by the defendant to the said Marlin Butler defective in that one of the three strands of the manila rope was practically cut or shredded in two and said cut was not discernable or visible upon reasonable inspection of said rope and could not be discovered until the rope was untwisted and the loose or cut ends were pulled out. The effect of said cut was to reduce the tensile strength of said rope in a manner rendering its use unreasonable and dangerous."

There follow allegations of the complaint giving details of how the accident happened, the rope in question being used at the time as support for a swinging scaffold on which the plaintiff stood while engaged in his work as an employee of Tesuque Drive-in Theatre, from which place he was thrown to the ground and injured when the rope broke, due to defects in its manufacture, as previously alleged.

The extent of plaintiff's injuries is then set out, but it is not material to a decision of the case to enumerate them. The same is true as to allegations on behalf of the workmen's compensation insurer, showing amounts theretofore paid out in connection with plaintiff's injuries and amounts which it would be compelled to pay in the future, as well, for all of which sums it sought judgment, or a declaration of defendant's liability to it by way of contribution.

In response to the complaint so filed the defendant interposed a motion to dismiss, reading:

"The defendant moves the Court as follows:

"1. To dismiss the action because the complaint fails to state a claim against the defendant upon which relief can be granted."

The court heard the argument of counsel and entered its order dismissing the complaint. It is from the order so entered that the plaintiff prosecutes the appeal before us for decision.

Much reliance is placed by plaintiffs on the Uniform Sales Act and the new Uniform Commercial Code. Counsel for defendant reply that, granting the contention made for purposes of argument in this behalf, yet, plaintiffs are not aided since New Mexico has never adopted either the Uniform Sales Act or the Uniform Commercial Code; that we will have to be guided by the common law, absent a statute, and that the common law supplies no warranty, express or implied, under the facts here present. Defendants cite and quote 1 Williston on Sales, 596–597, where it is said:

"In the United States, apart from statute, some jurisdictions adopt the English Law and hold that the dealer may be liable upon an implied warranty in sales of specified goods * * *. But the majority of American decisions prior to the enactment of the Sales Act, have held that no such warranty as exists where a manufacturer is the seller can be implied where the seller is merely a dealer. (Citing many cases.)"

In Ryan v. Progressive Grocery Stores, Inc., 255 N.Y. 388, 175 N.E. 105, 106, 74 A.L.R. 339, speaking through the late Justice Cardozo, the court said:

"Under the common-law rule long enforced in this state, the warranty of merchantable quality was limited to

sales by a manufacturer or grower. [Citing cases.] All this has been changed since the coming of the Sales Law." (Citing Williston, supra.)

■ Even under the Uniform Sales Act, a purchase made from a dealer under the circumstances here shown, would not have the benefit of an implied warranty. Torpey v. Red Owl Stores, Inc., 8 Cir., 228 F.2d 117.

■ New Mexico has never decided the exact question presented by this appeal. There are three cases dealing with warranties heretofore decided by this court and they are cited by plaintiff but it is not claimed they determine the question before us. They are Amarillo Hardware Co. v. McMurray, 15 N.M. 562, 110 P. 833; Walters v. Ditto, 23 N.M. 558, 170 P. 47, and Tharp v. Allis-Chalmers Mfg. Co., 42 N.M. 443, 81 P.2d 703, 117 A.L.R. 1344. Indeed, in Walters v. Ditto, supra, there is to be found language pertinent to the present facts, in the court's quotation of a familiar rule touching warranties which the court held, however, was not applicable to the facts there present. The opinion states [23 N.M 558, 170 P. 48]:

"From the argument advanced by appellant, it is evident that he relies upon the rule that where the article sold is equally open to the inspection and

examination of both parties, and the purchaser relies upon his own information and judgment without requiring any warranty of the quality, no liability exists if the purchaser thereafter discovers some defect in the article; but this rule does not apply where the purchaser orders goods of a certain character and he relies on the judgment of the seller, or goods of a certain described quality are offered for sale, and when delivered they do not answer the description directed or given in the contract."

The foregoing rule stated by this Court is in line with the authorities and texts holding that in a sale of goods without express warranty and absent fraud, *caveat emptor* applies and there is no implied warranty. 1 Williston on Sales 585, § 229; Barnard v. Kellogg, 10 Wall. 383, 19 L. Ed. 987; White v. Oakes, 88 Me. 367, 34 A. 175, 32 L.R.A. 592. The allegations of the complaint involved here fail to place it beyond an application of the rule supported by the foregoing cases.

■ There is no allegation that the purchaser made known expressly or by implication the particular purpose for which the rope was to be used, or that he relied upon the defendant's skill or judgment. In the absence of such allegations no implied warranty arises, even under the Sales Act, that the rope was fit for use over a pulley on a scaffold.

■ All that appears in the complaint is that Marlin Butler, plaintiff's employer, bought some 11/16th inch rope from the defendant. It is not even alleged that the dealer ordinarily kept this size rope in stock, nor whether Marlin Butler asked for rope of that size, or whether the defendant inquired or suggested the kind of rope Mr. Butler wanted. All that we know about the sale is that when Mr. Butler left the defendant's store he had with him some 11/16th inch rope which he had purchased. He simply picked up this rope, paid for it, and walked out. This is not a sale by description within the Uniform Sales Act. Torpey v. Red Owl Stores, supra.

While it is true the complaint alleges the purchase from defendant of a 11/16th inch rope "which it was then and there warranted * * * to be of merchantable and workmanlike quality and free from defects," there is no claim any express warranty was made and all parties below construed the complaint as seeking to set up claim to an implied warranty.

■■ In the case at bar, the rope was equally open to the inspection and examination of both parties, and since no warranty was demanded of the defendant, no liability exists. The plaintiffs have assumed erroneously throughout that a dealer impliedly warrants his goods at common law the same as does a manufac-

turer or grower. This conclusion can be reached only by an assumption that the Uniform Sales Act, though not enacted in New Mexico, is the judicial law of this state. Since New Mexico has thus far not adopted the Uniform Sales Act or the Uniform Commercial Code, there is no implied warranty of merchantability of an article sold by a dealer under facts similar to those here present. The extension of this doctrine lies with the legislature.

In the absence of an implied warranty and we hold none exists under the facts of this case, the extension of the warranty whose benefit the injured plaintiff so much seeks lies within the gift of the legislature—not the courts. The common law has failed to award the coveted warranty under facts here present. Having concluded there was no implied warranty in connection with the sale involved, it would be a gratuitous effort to go further and decide under what conditions the benefit of such a warranty might be invoked, if one had been found to exist. It is with that question the plaintiffs' additional contentions are concerned.

Finding no error in the conclusion reached by the trial judge, the judgment entered by him must be affirmed.

It is so ordered.

COMPTON, C. J., and LUJAN, McGHEE and KIKER, JJ., concur.