261 P.2d 129

**HAMMAKER et al. v. LOWE.**

No. 5633.

Supreme Court of New Mexico.

Sept. 4, 1953.

Rehearing Denied Oct. 9, 1953.

McAtee & Toulouse, Albuquerque, for appellant.

Richard C. Losh, Albuquerque, for appellees.

COMPTON, Justice.

Appellant appeals from a judgment in an action for damages for the alleged false and fraudulent representations made by his agent in the sale to appellees of certain houses and lots in the City of Albuquerque.

Appellant listed the houses for sale with local realtors, Hatchell and Miller, while they were under construction. C. R. Mc-Whorter, who was employed as a salesman by the Hatchell and Miller Agency, procured appellees as purchasers therefor. The complaint alleges that McWhorter represented that the houses were of merchantable quality and free from latent defects;

and appellees relying upon such representations, were induced to purchase the four houses in question to their injury. The allegation was met with a general denial. As an affirmative defense, appellant pleaded the statute of frauds and the rule caveat emptor.

The findings material to a decision, are:

"IV. That C. R. McWhorter was at the time of these transactions employed as a salesman by Hatchell and Miller; that while in the course of his employment as a salesman with Hatchell and Miller, C. R. McWhorter, in procuring the sale of the aforesaid houses to the parties plaintiff, made the following representations: "That each house was very well built, a good home and built of 'better material' than required and that all defects which might occur would be guaranteed for one year; that Earl Lowe was the contractor who built the houses."

"V. That plaintiffs relied on these representations and would not have purchased the said respective houses had these representations not been made.

"VI. That defendant, Earl Lowe, is not a licensed general contractor.

"VI(a). That the houses were poorly constructed and of poor materials and will require additional labor and materials and expense in the following amounts:

"William P. Hammaker, 613 S. Cagua, $148.25;

E. C. Rogers, 605 S. Cagua, $154.-50;

Dan M. Burrola, 617 S. Cagua, $129.50;

Ira W. Noble, 601 S. Cagua, $107.-25."

The court thus concluded "that these representations were materially false and known to be false by defendant, Earl Lowe." Appellant knew the houses were being purchased subject to approval by Veterans Administration Authority. A construction analyst from that office inspected the houses shortly after their completion and they were then found below the required specifications. He testified they were defective both in workmanship and material, in the following respect:

"Ira W. Noble—* * * The kitchen linoleum was laid on a 1 by 6 subfloor in lieu of a 1 by 4. The garage door was poorly constructed and poorly hung. The bedroom sash cam has threads stripped and needs replacing. The door jambs in the living room and garage show evidence of needing renailing to the subfloor as there is evidence of motion occuring while the door is in operation. Plaster cracks in the kitchen and living room show slight settlement and excessive shrinking.

Electrical receptacles are loose, may be a fire hazard. Kitchen cabinet drawers are warped, need refinishing. Weather stripping on front and kitchen doors installed wrongly. The linoleum on the top of the kitchen cabinet base is warped the same as the floor."

"William P. Hammaker—Garage door poorly hung and constructed. Linoleum laid over 1 by 6 t and g flooring. Door jambs to living room and garage need renailing. Plaster cracks in kitchen and living room show evidence of shrinkage in structural members. Weather stripping on front and kitchen doors were installed wrongly.

Linoleum top on kitchen cabinet warped."

"Dan Martinez Burrola—1 by 6 subfloor on kitchen badly warped. Shrinkage and settlement cracks appear in the kitchen and living room."

"Elliott C. Rogers—1 by 6 subfloor in lieu of 1 by 4. Garage doors poorly constructed and poorly hung. Door jamb to living room and garage need renailing to subfloor, shows evidence of motion when the doors are in operation. Plaster cracks in walls of living room and kitchen, show evidence of slight settlement and shrinkage. Cove brackets used to supply backing for cove ceiling in living room has shrunk and the 16 penny nails used to hold the cove have popped the plaster off in numerous places. Weather stripping is the same as on previous reports. Linoleum on kitchen cabinet is the same as shown on the other reports."

■ The witness Donaghue, a licensed contractor, testified the defects were the result of poor workmanship and faulty material. There is evidence of substantial character to sustain the findings of the trial court quoted herein; that such facts as found, comprehending three misrepresentations, constitute fraud on the part of appellant upon which appellees relied to their injury and for which they are entitled to recover.

■ Appellees were present on numerous occasions and observed the houses as they were being constructed. It is therefore argued they were under a duty to take notice of defects, both patent and latent. In this respect the evidence clearly shows that appellees were inexperienced in the field of constructing houses and knew nothing of building material. Their means of knowledge being thus limited, appellees were entitled to rely solely upon the agent's representations that the houses would be delivered to them as represented.

■■ It is also argued that appellant is not liable for the unauthorized acts of Mc-Whorter. There was substantial evidence that McWhorter was appellant's agent in making the sales. This being true, appel-

lant is bound by his representations. Stewart v. Potter, 44 N.M. 460, 104 P.2d 736.

Other points have been urged for a reversal but these are found without merit. The judgment will be affirmed with direction to the trial court to enter judgment against appellant and the sureties upon his supersedeas bond. And It Is So Ordered.

McGHEE, LUJAN and SEYMOUR, JJ., concur.

SADLER, C. J., absent from state and not participating.