221 P.2d 562

**STATE ex rel. PACIFIC EMPLOYERS INS. CO. v. ARLEDGE, Judge.**

**No. 5333.**

Supreme Court of New Mexico.

Aug. 12, 1950.

Waldo H. Rogers, C. Vance Mauney, Hugh R. Horne, all of Albuquerque, for petitioner.

Rodey, Dickason & Sloan, Simms, Modrall, Seymour & Simms, all of Albuquerque, amici curiæ.

Lorenzo A. Chavez, W. T. O'Sullivan, Joseph L. Smith, all of Albuquerque, for respondent.

PER CURIAM.

The respondent as judge of Division II of the Second Judicial District within and for Bernalillo County, in cause No. 44,367, pending on the civil docket of said court, entitled "August Aloysius Lauman, Claimant, v. Valley Gold Dairies, Inc., Employers and Pacific Employers Insurance Company, Insurer, Defendants," declined to disqualify himself following the filing of statutory affidavit pursuant to 1941 Comp. § 19-508. The ground advanced for the position taken is that prosecution of a claim under 1941 Comp., Chapter 57, Article 9, §§ 57-901 to 57-927, known as the Workmen's Compensation Act is not a "proceeding" within the true intendment of the disqualification statute. It has been uniformly so treated ever since enactment of this statute, both by the bench and the bar of this state, until now. Such unanimous recognition for nearly twenty years suggests the practice has good reason to support it. We find such to be the case. Accordingly, respondent's order striking the affidavit of disqualification is a nullity. There was no jurisdiction to act. The alternative writ heretofore issued will be made permanent.

It is so ordered.

BRICE, C. J., and LUJAN, SADLER, McGHEE and COMPTON, JJ., concur.