336 P.2d 1062

William ENNEN, Plaintiff-Appellant,

v.

SOUTHWEST POTASH COMPANY, a Corporation, Defendant-Appellee.

No. 6461.

Supreme Court of New Mexico.

March 17, 1959.

James L. Dow, Lon P. Watkins, Carlsbad, for appellant.

Reese, McCormick, Lusk & Paine, Carlsbad, for appellee.

SADLER, Justice.

The plaintiff (appellant before this Court) appeals from a judgment of the district court of Eddy County reducing his compensation under New Mexico Workmen's Compensation Act, entered on a stipulated judgment based on partial permanent disability to his body as a whole, from 25 per cent. to 20 per cent., as a result whereof his weekly compensation suffered a reduction from $7.-50 per week to $6 per week for the period covered by the order of reduction.

The plaintiff while in the employ of defendant, Southwest Potash Company, suffered an accidental injury on January 11, 1956. It arose out of and in the course of his employment. In due course and on April 18, 1956, the plaintiff filed his claim for compensation in this cause in the district court of Eddy County, New Mexico. The defendant filed its answer on May 24, 1956, admitting the injury, to-wit, a herniation of the intervertebral disc between the fourth and fifth lumbar space.

On November 28, 1956, the parties stipulated in writing that plaintiff had suffered the injury described above and that as a result thereof it had inflicted a partial permanent disability of 25% to his body as a

whole. The stipulation further provided that so long as the disability continued, not exceeding 504 weeks, the plaintiff should receive compensation at the rate of $7.50 per week. The maximum period provided for made allowance for the number of weeks plaintiff had already received compensation from the defendant. In addition, the stipulation provided, also, for an attorney's fee of $475 for their services in representing him in pressing said claim.

Simultaneously with the presentation of the claim to the district court, it entered judgment in conformity with the stipulation and the plaintiff, at the same time, signed and filed in the cause a release by him for the 46 weeks compensation already received. So matters stood on September 3, 1957, when the defendant filed in the cause an application for an order diminishing the compensation being paid the plaintiff. The court set the matter for hearing October 7, 1957, in the courthouse in Carlsbad, New Mexico, at 9:30 a. m. Thereafter, notice was given of the taking of the deposition on oral examination of Dr. Louis W. Breck at El Paso, Texas.

The deposition mentioned was not taken at the time set due to the illness of one of defendant's counsel and, accordingly, a second application to diminish plaintiff's compensation was filed January 23, 1958, which was set for hearing in the courthouse at Carlsbad for February 19, 1958, at 10:00 a. m. The hearing was held as noticed on the latter date at the conclusion of which the court denied the application, not being satisfied the defendant had sustained its burden of showing an improvement in plaintiff's condition.

Following the hearing on February 19, 1958, the judge wrote counsel for both parties under date of February 20, 1958, as follows:

"Gentlemen:

Re: Ennen v. Southwest
Potash Corp.,
Eddy County No. 15768

"I am just not satisfied with the evidence presented in this case, and do not feel ready to take any action upon it. I would suggest that Mr. Ennen be examined by Dr. Moore at Roswell, or one of the recognized orthopedic specialists at El Paso, and the doctor's report submitted to each counsel and to the Court.

"Since leaving the courtroom, I have reviewed the evidence several times mentally, and just do not feel justified in acting one way or the other upon it as it now stands.

"Let me hear from you.

"Yours very truly,
/s/ C. Roy Anderson"

The defendant's counsel replied to this letter, with copy to plaintiff's counsel, agreeing to "make arrangements for examination of the plaintiff by Dr. Louis W. Breck of

El Paso at the earliest possible time" and to "defray the costs of examination including plaintiff's necessary expenses." It was added: "We shall proceed to set up the appointment with Dr. Breck on the assumption plaintiff will comply with your suggestion." On February 28, 1958, defendant's counsel again wrote the court, with copy to plaintiff's counsel, reporting arrangements for examination of plaintiff had been made for March 10, 1958, at 1:30 p. m., and added: "Reports will be ordered furnished direct to you and Mr. Dow, counsel of record for Mr. Ennen."

On March 10, 1958, the plaintiff went to El Paso for examination pursuant to arrangements reported to the Court and counsel for plaintiff.

On March 13, 1958, counsel for plaintiff filed in the cause written objections to the receipt in evidence by the court of any written report to be made by any "doctor or doctors pursuant to the order of the court to reopen the hearing of this cause for the reduction of disability." The grounds of the objection were as follows:

"1. That said doctor or doctors have not been placed under oath by this Court to testify.

"2. That the plaintiff in this cause has been denied his right to cross-examine witnesses whose testimony has been received by the Court while said witness were not under oath.

"3. Pursuant to Section 59-10-20, New Mexico Statutes, Annotated, 1953 Compilation, the plaintiff has been denied the right to examine the physician selected by the employer after the plaintiff has made request that said physician be required to testify in this cause.

"4. That the plaintiff feels that the Court has committed reversible error by not so allowing the plaintiff to so examine said physician while said physician is under oath.

"5. Plaintiff further objects to the employer requiring his examinations more frequently than at six month intervals, plaintiff having received two notices to be examined by doctors prior to the hearing held in this cause; that plaintiff appeared and was examined by said doctors and that the third examination of the plaintiff has caused hardship and constitutes harassment on the part of the employer, the defendant herein."

Previously, an attempt had been made to use the written statement of a physician, Dr. Breck, in evidence but upon objection by counsel for plaintiff that the witness was not present and no opportunity to cross-examine him had been had, it was excluded. Indeed, it appears the statement was attached to the application to reopen the case and reduce

the compensation of plaintiff and the record does not make it clear the defendant was actually intending to use it in evidence. At any rate, the plaintiff objected and the matter was dropped.

Thereafter, on March 21, 1958, counsel for defendant submitted to the court and plaintiff's counsel by mail, the written report of Dr. Louis W. Breck, an orthopedic surgeon of El Paso, Texas, and on April 5, 1958, the written report of Dr. W. A. Jones, a neurological surgeon of El Paso, Texas, was likewise submitted by mail to the court and to counsel for the plaintiff.

In the meantime and on March 13, 1958, counsel for the plaintiff had filed in the cause with notice to counsel for defendant on the same day, the written objections of plaintiff to the use in evidence by the court of any written report to be made by any doctor or doctors upon the grounds set out in copy of said objections shown above. Primarily, the grounds of objection were that the witnesses were not placed under oath and plaintiff would not have an opportunity to cross-examine them.

The hearing on plaintiff's written objections to the consideration in evidence of these letters was held on May 3, 1958, at the conclusion of which an order was entered by the court, the pertinent paragraph of which reads:

"1. Both parties are entitled to interrogate under oath by oral deposition, written interrogatories, or examination in open court Dr. Louis W. Breck, an orthopaedic surgeon, and Dr. W. A. Jones, a neurological surgeon, both of El Paso, Texas, and from both of whom written reports based on medical examination of plaintiff have been received. For that purpose, 15 days from the date of entry of this order should be allowed within which either party may interrogate under oath either or both of said doctors by oral deposition, written interrogatories, or by examination in open court."

The order went on to provide that the cause should remain open for 15 days for the reception of evidence but if the interrogatories under oath provided for in the order were not presented within that time, an order finally disposing of the case would be entered at the expiration of such time. Neither of the parties took or tendered any further testimony in the case.

Whereupon, and on June 5, 1958, the court entered an order reducing the plaintiff's compensation from $7.50 to $6 per week, based upon a finding that his physical condition had improved to the extent that the physical disability to his body as a whole was at the time of the order only 20 per cent. instead of 25 per cent. as previously held. It is from such order that this appeal is prosecuted.

■ It would not require the citation of authority to support the proposition that a witness may not give testimony in a cause unless he is placed under oath and the other party is given an opportunity to cross-examine him. Counsel cite 1953 Comp., § 21-1-1(43), reading:

"In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules * * *."

They also cite Wilson v. Kavanaugh, 55 N.M. 252, 230 P.2d 979, 982, where we said:

"He (plaintiff's counsel) offered in evidence a letter from Wagner to himself, dated February 6, 1947, in which, as counsel asserted, Wagner denied knowledge of the suit, or 'notification of the same legally.' Objection to the letter as hearsay was properly sustained. *Wagner did not testify, nor was any deposition by him tendered in evidence.*" (Emphasis ours.)

■ But the proposition urged is elementary as the Rule and case quotation demonstrate. Indeed, counsel for defendant assert no claim that letters, unidentified by a witness under oath and subject to cross-examination, may be introduced in evidence. Their claim is, rather, that the plaintiff's conduct was such, both they and the court were led to believe there was consent on his part to receiving in evidence the unsworn statements of the surgeons who examined plaintiff. There is intimation, even, that had the reports of the examination been favorable to him, there never would have been objection on his part.

We are unable to find in the record any affirmative act on the part of plaintiff, or his counsel, indicating acquiesence on their part, or consent, to the receiving in evidence of unsworn statements or reports of the kind received, or anything amounting to a waiver of the conventional method of producing testimony before the court.

True enough, counsel must have advised the plaintiff to appear in El Paso for the examination arranged and his counsel gave approval, as to form, of certain orders touching the matter. But their written objections to the use in evidence of such unsworn reports could not have been based upon any knowledge on their part as to what the reports contained. Their objections were filed of record before they had ever received the reports, or had an opportunity to examine them.

Moreover, they remind us that the burden was upon defendant, not upon the plaintiff, to show a change in his condition; that it was not up to them to take testimony of the surgeons on written interrogatories, as provided in the court's order touching plaintiff's objections to the unverified reports, to enable plaintiff's counsel to cross-examine said witnesses.

We can not avoid the conclusion that the trial court erred in considering in evidence the letters of the two surgeons over plaintiff's objections. There was no additional evidence, save these letters, after the earlier hearing when the court announced he did not feel the defendant had sustained its burden of showing plaintiff's condition had changed for the better. Then after receiving these letters the court did feel the defendant had sustained its burden of proof. The prejudice to plaintiff is obvious and calls for a reversal.

The plaintiff also complains of the denial by the trial court of attorney's fees in his behalf. His counsel cite 1953 Comp., §§ 59–10–23 and 59–10–25 in discussing the claim of error under this point. In its order reducing the plaintiff's compensation, the court in the second paragraph thereof provided:

"2. The application of defendant for diminution of compensation paid to plaintiff having been found by the Court to be well taken and compensation having in fact been diminished by virtue of the diminution of disability of plaintiff, the motion filed by the plaintiff for allowance of attorney's fees should be denied."

Counsel for defendant claim that because plaintiff failed to make a general request for a finding on this point, or to tender a requested finding touching it, or except to the finding within ten days, he is in no position to complain of it. The finding itself, however, recites a motion by plaintiff's counsel for the allowance of attorney's fees, so the court must have signed the order with knowledge of plaintiff's claim. Hence, we prefer not to dispose of the application on this technical ground; even though the disposition we make of it may seem somewhat technical.

The position of the defendant on the claim is that since the enactment of L.1955, c. 274, amending 1953 Comp., § 59–10–23, which completely rewrote the section, it is now the only provision of the Workmen's Compensation Act dealing with attorney's fees. The title of the 1955 Act reads, as follows:

"An Act Relating to Attorney's Fees in Workmen's Compensation Cases and Matters, Regulating the Amount of Such Fees, Providing for the Appointment of Attorneys by the Court, Requiring Payment of Attorney's Fees in Certain Cases by the Employer, Providing Penalties for Violation and Amending Section 59–10–23 of the New Mexico Statutes 1953 Annotated (Being Laws 1937, Chapter 92, Section 11)."

Prior to the 1955 amendment referred to, this Court on two different occasions had held that the recovery of attorney's fees was limited to the recovery of compensation and that a claimant who failed to sustain his claim for additional compensation in

the Supreme Court was not entitled to an award of attorney's fees by reason of services on appeal. Perez v. Fred Harvey, Inc., 54 N.M. 339, 224 P.2d 524; Rowland v. Reynolds Electrical Engineering Company, 55 N.M. 287, 232 P.2d 689. But, see, Mann v. Board of County Com'rs, of Bernalillo County, 58 N.M. 626, 274 P.2d 145, where a claimant was allowed an attorney's fee for services in this Court, even though such services brought about no award of additional compensation.

■ Inasmuch, however, as the order appealed from must be reversed and the cause remanded for a new trial on the application for diminution of the award for compensation, the outcome of which we are unable to predict, we think any pronouncement upon the question of attorney's fees would be premature. Certainly, we are unable at this time to put the trial judge in error in denying an award of attorney's fees at the time and under the circumstances he did.

It follows from what has been said the order under review must be reversed. The cause will be remanded with a direction to the trial court to set aside the order appealed from and allow the plaintiff a new trial of the matter reviewed.

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON, and CARMODY, JJ., concur.