402 P.2d 156

**Elvin GEESLIN, Plaintiff-Appellee,**

**v.**

**GOODNO, INC., and Hartford Fire Insurance Company, Defendants-Appellants.**

No. 7595.

Supreme Court of New Mexico.

May 17, 1965.

White & Musgrove, Farmington, for defendants-appellants.

James L. Brown, Farmington, for plaintiff-appellee.

MOISE, Justice.

This is an appeal by an employer and its insurer from a judgment of total disability in favor of plaintiff-employee; such medi-

cal expenses as may be incurred in excess of $1500.00, and attorney fees of $2750.00.

Defendants argue their first and fourth points together. Incidental thereto they attack findings which read as follows:

"4. Plaintiff's condition from this injury has resulted in his total disability.

"5. The plaintiff's condition is such that he cannot pursue any employment for which he is trained by education or experience.

\* \* \* \* \* \*

"8. That said injury arose out of and in the course of plaintiff's employment with Goodno, Inc.

\* \* \* \* \* \*

"10. That the plaintiff is entitled to compensation at the rate provided under the Workmen's Compensation Act from the 27th day of October, 1962, including such medical expenses as he may incur related to his injury in excess of $1500.00."

Under these same points, the following conclusion is likewise claimed to be erroneous:

"2. That plaintiff is entitled to judgment for total disability against the defendants for Workmen's Compensation as provided under the New Mexico Workmen's Compensation Act, including such medical expenses as he may incur related to his injury in excess of $1500.00."

Defendants recognize our rule that facts found by the trial court are the facts upon which the case rests in this court unless attacked and set aside here as unsupported by substantial evidence. Witt v. Marcum Drilling Company, 73 N.M. 466, 389 P.2d 403; Herrera v. C & R Paving Company, 73 N.M. 237, 387 P.2d 339; Grisham v. Nelms, 71 N.M. 37, 376 P.2d 1. They further concede that the evidence, together with all reasonable inferences to be deduced therefrom, must be viewed in this court in a light most favorable to the appellee. Blancett v. Homestake-Sapin Partners, 73 N.M. 47, 385 P.2d 568; Grisham v. Nelms, supra; Romero v. H. A. Lott, Inc., 70 N.M. 40, 369 P.2d 777.

In addition, defendants recognize that the workmen's compensation act is remedial and should be liberally interpreted so as to accomplish its purposes, Lucero v. C. R. Davis Contracting Co., 71 N.M. 11, 375 P.2d 327, while at the same time a reasonable construction must be accorded it, and it shall not be construed in such a way as to nullify certain of its provisions. Boggs v. D & L Construction Company, 71 N.M. 502, 379 P.2d 788.

Having stated the foregoing well settled rules, defendants proceed to analyze the proof in an attempt to demonstrate a lack of support for the quoted findings.

It appears that plaintiff was employed as a roustabout by Goodno, Inc., at a sufficient wage to support maximum compensation payments. Further, it is established that in May, 1962 plaintiff, while assisting two other men in carrying a piece of heavy pipe, slipped and was struck in the back with the pipe. This incident is corroborated by a co-worker. Also, his superintendent was told of it. He worked the balance of that day and the next, and went to see a doctor on May 14. He was off work seven to ten days, and then worked steadily until July 3, 1962, during all of which period he suffered no loss of pay. From July 3, until September 13, plaintiff did no work. He claimed that he continued to suffer pain in his back during this time. On the latter date he went to work for Lohman Well Servicing Company for two days. On September 15 he went to work as an attendant in a filling station for Eastside Gulf where he worked 12 to 15 hours per day, earning $85.00 a week until October 27 when he took off to go deer hunting for about a week or ten days. About a week later plaintiff returned alone to the same area to try to trap some wild horses he had seen there. He testified that on the morning after arriving, in a fit of coughing he felt serious pain in his back. He returned home, spent one day at the hospital in Farmington and then went to a hospital in Albuquerque for approximately two weeks in the care of Dr. Coffey, an orthopedist.

Plaintiff did not improve after release from the hospital, and returned about a month later when Dr. Coffey felt a slipped disc was present and recommended consultation with a neurosurgeon to confirm his impressions. Approximately two months later, on March 26, a myelogram was performed which confirmed the diagnosis. Dr. Coffey expressed the opinion that as a reasonable medical probability, the condition which he found, together with the history given by plaintiff, supported a conclusion that it resulted from the May, 1962 injury. Dr. Coffey recommended a laminectomy and removal of the disc. The doctor also expressed an opinion that plaintiff was not capable of doing work such as is involved in laying a pipeline on a "day to day, week to week" basis.

It is defendant's contention that " * * a reading of the transcript will clearly show that Appellee was evasive, and at times untruthful in his testimony"; also, * * * "that Appellee was prone to give evidence as best he felt would benefit him." Defendants argue that considering the entire picture it is more reasonable to conclude that plaintiff's condition resulted not from anything that occurred on May 9, but rather to some injury sustained while deer hunting or while trapping wild horses. Defendants assert that, "It would appear to Appellants that if this case is sustained as being supported by substantial evidence, that a trial court would be justified in find-

ing in favor of an injured workman on his sole statement that he is totally disabled, irrespective of what other evidence may be in the record."

With the language quoted from defendants' brief we disagree completely. Neither do we agree that the situation is one involving mere speculation, conjecture, surmise or bare possibilities which would be insufficient to support findings in a workmen's compensation case. See · White v. Valley Land Company, 64 N.M. 9, 322 P.2d 707. Rather we have here a case where credibility of testimony by various witnesses is involved, and while we might be disposed to agree with defendants· that the facts as related by plaintiff do raise some doubts, still it is not for us to substitute our views for those of the fact finder. Grisham v. Nelms, supra. We are required to leave the trial court's findings undisturbed if supported by substantial evidence. Utter v. Marsh Sales Co., 71 N.M. 335, 378 P.2d 374; Herrera v. C & R Paving Company, supra. Here the quoted findings are amply supported.

Defendants next argue that there was no compliance with § 59–10–13.4, N.M. S.A.1953, which requires timely notice in writing "of the accident and of the injury" before there can be recovery. There is a proviso in § 59–10–13.4, supra, that notice in writing need not be given if the employer or his superintendent had actual knowledge of the occurrence of the accident. Defendants' point claims error in the trial court's refusal to adopt a requested finding to the effect that plaintiff failed to give notice as required by § 59–10–13.4, supra. Although such an issue was raised by the pleadings and the pre-trial order sets forth "lack of notice" as a legal issue in the case, no finding was made that the requisite notice was or was not given. There can be no question that notice as provided by statute is a condition to the right of a workman to recover compensation. Copeland v. Black, 65 N.M. 214, 334 P.2d 1116; Higgins v. Board of Directors of New Mexico State Hospital, 73 N.M. 502, 389 P.2d 616; Scott v. General Equipment Company, 74 N.M. 73, 390 P.2d 660.

Although notice need not be pleaded in the first instance in order to state a cause of action, when placed in issue, proof of compliance with § 59–10–13.4 must be present in order to support a judgment for a workman. Armijo v. United States Casualty Company, 67 N.M. 470, 357 P.2d 57. Absent the requisite proof a judgment in favor of a workman cannot stand. Ogletree v. Jones, 44 N.M. 567, 106 P.2d 302. Likewise, a finding of compliance is necessary in order to support a judgment for the workman. Compare Isaac v. Seguritan, 66 N.M. 410, 349 P.2d 126. This is particularly true where, as here, a request for a contrary finding has been made. We do not suggest that the proof here would

not support a finding of sufficient notice under § 59–10–13.4, supra. We do not consider whether it would, or not. However, there can be no question that a right to recover which is dependent on a finding that the requirements of the statute have been met, cannot stand in the absence of such a finding. Consolidated Placers, Inc. v. Grant, 48 N.M. 340, 151 P.2d 48; Jontz v. Alderete, 64 N.M. 163, 326 P.2d 95. Because of the failure to make a finding on the notice issue, the cause must be remanded to the trial court. However, the proof is all in the record upon which a finding on the subject can be made and there is no need for a retrial. Isaac v. Seguritan, supra.

The additional point wherein defendants complain of the amount of the attorney fee fixed by the court is not ripe for consideration. Plaintiff's attorney is not entitled to an attorney fee unless compensation is recovered herein. § 59–10–23(D), N.M.S.A.1953. Perez v. Fred Harvey, Inc., 54 N.M. 339, 224 P.2d 524; Pate v. Makin Drilling Company, 66 N.M. 402, 349 P.2d 121.

The cause is remanded for further findings of fact on the issue of notice or knowledge under § 59–10–13.4, N.M.S.A.1953, and for further proceedings consistent with this opinion and the findings to be made.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.