508 P.2d 34

**Ubaldo A. SANCHEZ, Plaintiff-Appellant,**

**v.**

**AZOTEA CONTRACTORS and Employer's Insurance of Wausaw, Defendants-Appellees.**

**No. 988.**

Court of Appeals of New Mexico.

March 9, 1973.

Peter B. Shoenfeld, Santa Fe, for plaintiff-appellant.

Charles J. Noya, Leland S. Sedberry, Jr., Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for defendants-appellees.

## OPINION

SUTIN, Judge.

This is an appeal from a summary judgment granted defendants on plaintiff's claim for disability arising under the Occupational Disease Disablement Law for failure of plaintiff to comply with statutory notice to Azotea as provided by § 59–11–16.1, N.M.S.A.1953 (Repl. Vol. 9, pt. 1, Supp.1971). We affirm.

Plaintiff was employed by Azotea Contractors (Azotea) from February, 1967 to August 10, 1970, as a laborer 'and breaker.

In February, 1967 at the time of original hiring by Azotea, plaintiff was required by Azotea to take a physical examination, consisting of a chest x-ray, by Dr. Thompson, a medical doctor in Pagosa Springs, Colorado. Dr. Thompson was Azotea's company doctor. After the examination, the doctor ordered Sanchez to go to work in the tunnel being built by Azotea.

On October 16, 1970, plaintiff first noticed the physical condition referred to in his complaint. On approximately October 20, 1970, his family physician, Dr. Richard W. Honsinger, telephoned Dr. Thompson in Pagosa Springs, to determine whether a foreign substance in plaintiff's lungs was present before plaintiff's employment by Azotea. Dr. Thompson said that he had performed such medical services for Azotea; that the tunnel project was finished and the x-ray photographs taken in February, 1967, had been sent to Wisconsin and had been lost in the mail. Dr. Honsinger told Dr. Thompson that plaintiff was suffering from pneumoconiosis.

On November 11, 1970, the office of Azotea Tunnel in Chrono, Colorado was closed and plaintiff claims he could no longer make a claim or give notice of his disability; that the tunnel project was finished, and there was no office of the company left at that location or any other location of which plaintiff had knowledge.

Section 59–11–16.1, supra, reads as follows:

A. Any workman claiming to be entitled to benefits under the New Mexico Occupational Disease Disablement Law [59–11–1 to 59–11–42] from any employer shall give notice in writing to his employer of the occupational disease within thirty (30) days after the beginning of such disablement; unless, by reason of his disablement, or some other cause beyond his control, the workman is prevented from giving notice within that time, in which case he shall give notice as soon as may reasonably be done, and at all events not later than sixty (60) days after the beginning of such disablement.

B. No written notice is required to be given where the employer or any superintendent or foreman or other agent in charge of the work in connection with which the disablement was occasioned had actual knowledge of such disablement.

The trial court found, (1) the plaintiff failed to give notice in writing to his employer of the occupational disease as set forth in the complaint; and, (2) the employer, or superintendent, or foreman or other agent in charge of the work with which the disablement was occasioned, did not have actual knowledge of such disablement.

(1) *Notice to the Company Doctor was not Actual Knowledge to Employer Under Section 59–11–16.1(B).*

▮ Plaintiff contends oral notice to Dr. Thompson constitutes actual knowledge under § 59–11–16.1(B), supra. It is clear that a company doctor, not shown to be in a position of authority, is not an employer, superintendent, foreman, or other agent *in charge of the work* in connection with which the disablement was occasioned.

Section 59–10–13.4, N.M.S.A.1953 (Repl. Vol. 9, pt. 1, Supp.1971) of the Workmen's Compensation Act is quite similar to § 59–11–16.1, supra.

In workmen's compensation cases, to excuse the giving of "notice in writing," there must be actual knowledge on the part of the employer, or a superintendent, foreman, or other agent in charge of the work in connection with which the accident occurred. Norris v. Amax Chemical Corporation (Ct.App.), 84 N.M. 587, 506 P.2d 93 decided January 19, 1973. This doctrine is stated affirmatively and without exception. The same rule applies under the Occupational Disease Act.

In the instant case, we find non-compliance with § 59–11–16.1(B), supra, as a matter of law.

(2) *Notice was not Dispensed with When the Employer Closed its Office During the Period in Which the Employee is Entitled to give Notice.*

 Plaintiff contends, under § 59–11–16.1(A), supra, notice in writing was excused because Azotea closed its office which prevented plaintiff from giving notice.

The record shows no evidence that plaintiff made any attempt to give written notice. No letter was written to Azotea at its closed office in Chrono, Colorado. No attempt was made for 60 days to locate the Azotea permanent address. We can find no cause beyond plaintiff's control which prevented him from attempting to give notice within 30 days after October 16, 1970, the first day of the beginning of his disablement, nor at all events not later than 60 days.

Plaintiff relies on § 59–11–16.7, N.M.S.A.1953 (Repl. Vol. 9, pt. 1, Supp.1971). This section protects plaintiff's benefits for failure to give notice ". . . where the failure was caused in whole or in part by the conduct of the employer or insurer which reasonably led the person entitled to compensation to believe the benefits would be paid." This section is not applicable. No evidence appears in the record that Azotea's conduct in closing the Tunnel Office without knowledge of any claim of plaintiff led plaintiff to believe his compensation would be paid.

Notice as required by statute is a condition precedent to the right to plaintiff to recover compensation, (Geeslin v. Goodno, Inc., 75 N.M. 174, 402 P.2d 156 [1965]), and constituted waiver of notice unless Azotea's conduct led plaintiff to believe his compensation would be paid. Since neither event occurred, plaintiff's claim is barred.

The issue of notice being dispositive of the case, we need not decide the other points raised on appeal.

Affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.