626 P.2d 1303

Steven G. RUMPF, Plaintiff-Appellee,

v.

RAINBO BAKING COMPANY, Employer and American Motorist Insurance Company, Insurer, Defendants-Appellants.

No. 4795.

Court of Appeals of New Mexico.

March 12, 1981.

Alan M. Malott, Shaffer, Butt, Thornton, Baehr, P. C., Albuquerque, for defendants-appellants.

John Hogan Stewart, P. A., Martin J. Chavez, Albuquerque, for plaintiff-appellee.

OPINION

WALTERS, Judge.

On February 17, 1978, Steven Rumpf slipped on some ice while making a delivery

as a route salesman for Rainbo Baking Company. He injured his lower back, aggravating a preexisting condition. It is now undisputed that the February injury was compensable under the Workmen's Compensation Act.

On February 27, 1978, Mr. Rumpf's attorney prepared and sent a notice letter informing Rainbo of plaintiff's injury. In March, 1978 Mr. Rumpf underwent a spinal fusion.

Ultimately, three complaints were filed seeking workmen's compensation benefits for Rumpf. The first suit was filed on April 11, 1978; at that time Rumpf had received no compensation from Rainbo's insurer. The suit was voluntarily dismissed when defendants agreed to start paying benefits. The insurer stopped payments after a couple of weeks, and a second suit was filed on May 15, 1978. Once again, defendants agreed to pay benefits, and that complaint was also voluntarily dismissed. They continued to pay until around November 3, 1978, and on November 30, 1978, Rumpf's attorney filed the third suit, from which this appeal arises.

Plaintiff returned to work for Rainbo around the beginning of December, 1978. At that time he was still owed some compensation payments. His employers learned of claimant's third suit; they called him in and asked him to drop it. On December 4, 1978, Rumpf, by telephone call, advised his attorney to drop the suit. On December 19th, he repeated the request by letter, but he delivered this letter to his employer instead of mailing it directly to his attorney.

Shortly thereafter in early 1979, Rumpf instructed his attorney to disregard any of his letters or phone calls in which Rumpf might direct him to drop the case; the attorney was to act only on in-person attorney-client conversations. The attorney thereafter received two more letters from Rumpf, one dated April 5, 1979, and one dated March 18, 1980, asking him to drop the suit against Rainbo. Since the attorney

had not had any personal communications from his client, he disregarded the letters.

Defendant filed a motion to dismiss on August 22, 1979. When it became clear to plaintiff's counsel that Mr. Rumpf was no longer cooperating with him in pursuing the suit, he agreed to dismissal of the third suit.

After a hearing on plaintiff's motion for attorney's fees and on defendants' motion to dismiss, the trial judge fixed Mr. Rumpf's attorney's fees at $1,872.00, and the case was dismissed with prejudice.

Rainbo and American appeal the award of attorney's fees. We affirm. In addition, although the dismissal with prejudice was not an issue on appeal, we hold that it was improper under the circumstances of this case.

*Attorney's Fees*

Rainbo's insurer paid compensation after plaintiff's attorney filed the suits and negotiated with the insurer. The trial court fixed attorney's fees at $1,872.00, finding in its Order,

That it was reasonably necessary for the plaintiff to employ counsel to obtain benefits under the workman's compensation act, and that the plaintiff obtained benefits, including compensation, as a result of the counsel's services.

The appellants argue that without an actual award of compensation made to Rumpf by the trial court, an allowance of attorney's fees is unauthorized by the Act. A careful reading of New Mexico decisions does not support their position.

■ The essence of our case law on the allowance of attorney's fees in workmen's compensation cases is that the claimant must receive compensation due to the services performed by his attorney in order for the claimant to be eligible for attorney's fees. *Wuenschel v. New Mexico Broadcasting Corp.*, 84 N.M. 109, 500 P.2d 194 (Ct. App.1972); *Geeslin v. Goodno*, 75 N.M. 174, 402 P.2d 156 (1965); *Ennen v. Southwest Potash Co.*, 65 N.M. 307, 336 P.2d 1062

(1959); *Perez v. Fred Harvey, Inc.*, 54 N.M. 339, 224 P.2d 524 (1950). Appellants wholly rely on language in *Phelps Dodge Corp. v. Guerra*, 92 N.M. 47, 582 P.2d 819 (1978), to sustain their argument. In that case the New Mexico Supreme Court affirmed the trial court's dismissal of a workmen's compensation suit on the basis that the parties had previously settled the claim. The claimant had asked for attorney's fees for the appeal only, and the court denied the attorney's fees, stating that

> even if Guerra had prevailed in this Court on the other issues, that awarding of attorney's fees would have been in error since, even if Guerra had won this appeal, there would not yet have been any decision by the trial court as to his entitlement to compensation until after the case had been remanded. Until there has been an award of compensation at the trial court level, an allowance of attorney's fees is improper. [Citations omitted.]

92 N.M. at 52, 582 P.2d at 842.

█ It would be unduly restrictive to hold that the Supreme Court, by this language, imposed a requirement that in all cases a formal award of compensation must be made by the trial court before attorney's fees are appropriate. Moreover, the facts of the *Phelps* suit are entirely dissimilar to the instant matter. We rely, instead, upon the language of Section 52–1–54(D), N.M. S.A. 1978, which provides that

> in all cases where compensation to which any person shall be entitled under the provisions of the Workmen's Compensation Act shall be refused and the claimant shall thereafter collect compensation through court proceedings in an amount in excess of the amount offered in writing by an employer thirty days or more prior to the trial by the court of the cause, then the compensation to be paid the attorney for the claimant shall be fixed by the court trying the same * * *.

There were court proceedings in this case. As a legal term, "proceedings" embraces all the steps in a cause from its commencement to its conclusion. 50 C.J., Process, § 1, quoted in *State v. District Court of Second Jud. Dist.*, 45 N.M. 119, 112 P.2d 506 (1941). Initiation of a claim for workman's compensation benefits is a "proceeding." *State ex rel. Pacific Empl. Ins. Co. v. Arledge*, 54 N.M. 267, 221 P.2d 562 (1950). Plaintiff instituted three suits; each of them resulted in plaintiff temporarily collecting compensation.

█ The statute does not require that the judge make an award; it provides only that when payments are refused, "claimant * * * thereafter collect compensation through court proceedings." We are not bound to interpret "recovery" as used in *Geeslin* and *Perez, supra*, to mean a judge-awarded recovery. "Recovery" must be defined broadly enough to fit the statutory allowance of fees once the claimant "shall * * * collect compensation" after filing his claim. The trial court's findings cannot be read to mean anything but that payment of compensation would not have been forthcoming had suits not been filed. The condition of the statute was met and Rumpf is entitled to attorney's fees.

We have considered appellants' other arguments but do not find in them any justification for denying attorney's fees in this case. We express our dismay, however, at the criticism in appellants' briefs amounting to a personal attack on the attorney who handled claimant's court proceedings. Such an unwarranted display of acerbity against another attorney is inappropriate and unseemly. The trial court was the judge of the evidence offered and obviously believed claimant's attorney. Additionally, sufficient evidence of work performed was introduced to satisfy the requirements of *Johnson v. Fryar*, 93 N.M. 485, 601 P.2d 718 (1979).

*Dismissal With Prejudice*

█ The dismissal with prejudice by the lower court is contrary to the policy stated in *Glover v. Sherman Tongs*, 94 N.M. 587, 613 P.2d 729 (Ct.App.1980), recognizing

the right of a workman to reopen his claim if and when problems later develop which are related to the compensable injury. We said:

> The Workman's Compensation Act was not written with the intent that it be so penuriously interpreted that a workman be bound by a "one-shot" chance at showing his ability or inability to perform the tasks of his usual occupation or other work he is fitted by past history to do. If that were so, and each word of the Act were to be read to find a means to deny rather than to grant relief to an injured workman, the principal purpose of workman's compensation law would be thwarted.

613 P.2d at 732. Section 52–1–56 A provides for regular reconsideration of a workman's benefits during the period for which compensation could be paid. We note that claimant's doctor expressed concern early in 1979 that the spinal fusion might not be completely successful. Case law also suggests that Rumpf may bring a future action if his condition deteriorates. *Rayburn v. Boys Super Market, Inc.*, 74 N.M. 712, 397 P.2d 953 (1964); *Cordova v. City of Albuquerque*, 71 N.M. 491, 379 P.2d 781 (1962). Dismissal with prejudice would deprive claimant of a right afforded to him by law and, even though consented to by plaintiff's court-appointed lawyer, plaintiff was *not* asked if he agreed to dismissal *with prejudice*. Such a disposition is incompatible with the statute.

The judgment awarding attorney's fees is affirmed. The case is remanded for modification and deletion of that portion of the judgment which dismisses the claim with prejudice.

Plaintiff's attorney is awarded $1,500 for services on appeal.

IT IS SO ORDERED.

ANDREWS, J., concurs.

SUTIN, Judge (dissenting).

I dissent.

The time has arrived when a majority opinion has presented a collapsible house of cards built with a stacked deck and a joker. My colleagues exercised "superintending control" over the district court on matters not before this Court.

A.   *This Court does not have jurisdiction over a Final Order from which no appeal is taken.*

Plaintiff's complaint was dismissed "with prejudice." No appeal was taken from this Order. Plaintiff is not a party to this appeal. The Order of Dismissal "with prejudice" is not an issue in this appeal. The Order was approved by plaintiff and his attorney. Yet, the majority opinion has deleted from the Order the words "with prejudice."

At the hearing on June 18, 1980, Fred M. Calkins, an eminent lawyer, was appointed by the court to consult with plaintiff. Mr. Calkins reported to the court as follows:

> He [plaintiff] has no objection to the case being dismissed with prejudice and understands that if his condition, back condition * * * should occur in the future that *he would be unable to reopen the case* for the payment of medical bills, weekly compensation or permanent disability. [Emphasis added.]

\*       \*       \*       \*       \*       \*

THE COURT: Are you asking that it be dismissed? You don't want it pursued any further?

MR. RUMPF: Right.

To delete the words "with prejudice" is the exercise of "superintending control" over a non-appealed Order. It allows this Court, in its discretion, to sit as a district judge. Thus, we can affirm a case, yet order the district court to modify matters of reversible error such as erroneous instructions given, admission of improper testimony, and a good pleaded affirmative defense.

It has been suggested that a judge should compromise his views and join in the opinion of his colleagues. This I cannot do.

B. *Stewart was not entitled to attorney fees.*

On the matter of attorney fees, in every case cited, except *Wuenschel v. New Mexico Broadcasting Corp.*, 84 N.M. 109, 500 P.2d 194 (Ct.App.1972), the Supreme Court has not followed § 52–5–54 (D). In *Wuenschel,* I said:

> * * * The plaintiff did not *collect* compensation and he is not entitled to attorneys' fees * * *. [84 N.M. 111.] [Emphasis added.]

*Phelps-Dodge* (92 N.M. 47, 52) says:

> * * * Until there has been an *award* of compensation * * * an allowance of attorney's fees is improper.

*Geeslin* (75 N.M. 174, 179) says:

> * * * Plaintiff's attorney is not entitled to an attorney fee unless compensation is *recovered* herein. [Emphasis added.]

*Perez* (54 N.M. 339, 346) says:

> The *recovery* of compensation is a prerequisite to the allowance of attorney fees. [Emphasis added.]

These and other cases have fixed a rule on an allowance of attorney fees. There must first occur an "award" or "recovery" of compensation. If the Supreme Court intended that "award" and "recovery" meant "collect compensation through court proceedings" as provided by statute, plaintiff is entitled to an award of attorney fees. Otherwise not. " 'Proceedings' are all steps or measures adopted in the prosecution or defense of an action." *Ingravallo v. Pool Shipping Co.*, 247 F.Supp. 394 (D.C.N.Y. 1965); *State v. McCafferty*, 105 P. 992 (Okl. 1909).

What the Supreme Court intended "award" or "recovery" to mean must be expressed by the Supreme Court. "*Stare Decisis*" has set in. In my opinion, all prior cases that use the words "award" and "recovery" should be overruled. The words "collect compensation through court proceedings" should be defined. Until this occurs, plaintiff's attorney is not entitled to an attorney fee.

Plaintiff's attorney filed a motion for an Order that he be awarded an attorney fee for services rendered plaintiff and for expenses occurred. Some five or six weeks *before* the Order of Dismissal with prejudice was entered, absent any trial or award of attorney fees to plaintiff, the court entered an Order on the attorney's motion "that the lawyer fee for plaintiff's attorney is fixed at $1872.00." This is erroneous. *Genuine Parts Co. v. Garcia*, 92 N.M. 57, 582 P.2d 1270 (1978) holds that attorney fees are to be awarded to plaintiff and not to his counsel.

An attorney has no authority to seek payment of an attorney fee to himself from an employer. The workman must seek this relief. An attorney fee is obtained from a workman. If a workman is not entitled to an attorney fee, the attorney has donated his time. Plaintiff's claim was dismissed with prejudice. Plaintiff was not awarded an attorney fee in the Order of Dismissal. The attorney, therefore, is denied one. It was the duty of the attorney to have plaintiff seek an attorney fee or have one awarded in the Order of Dismissal with prejudice. This is one case when an employer should not be additionally burdened. Here, the employer was not at fault. The plaintiff or his lawyer was. "As you make your bed, so you must lie on it." Everyone must bear the consequences of his own acts.