507 P.2d 799

**John S. STEADMAN and Ann Steadman, his wife, Plaintiffs-Appellants,**

v.

**Thomas TURNER and Jesse P. Merlan, Defendants-Appellees.**

**No. 978.**

Court of Appeals of New Mexico.

Feb. 23, 1973.

Neil C. Stillinger, Watson, Stillinger & Lunt, Santa Fe, for plaintiffs-appellants.

W. H. McDermott, McDermott & Connelly, Santa Fe, for defendants-appellees.

## OPINION

WOOD, Chief Judge.

Turner sold a house and lot to plaintiffs. Merlan was Turner's agent. On the basis of alleged statements made by Merlan in connection with the sale, plaintiffs sued defendants claiming fraud and breach of warranty. The trial court granted summary judgment to defendants; plaintiffs appeal. There are four issues in connec-

*tion* with the fraud claim: (1) sufficiency of pleading fraud; (2) proof of fraud; (3) factual issues as to fraud; and, (4) buyer's duty to investigate. There are two issues in connection with the warranty claim: (1) whether a warranty was given and (2) reliance on the alleged warranty.

### Pleading fraud.

The complaint alleges that plaintiffs observed what appeared to be water stains on the basement walls of the house and, upon inquiry, Merlan expressly warranted that the basement walls had been repaired and produced a receipted repair bill to substantiate this representation. The complaint alleges that plaintiffs agreed to consummate the sale in reliance on this representation. It alleges that Merlan's representation that necessary repairs had been made to prevent flooding was false and known by Merlan to be false. It alleges that plaintiffs were damaged as a proximate result of the misrepresentation.

Section 21-1-1(9)(b), N.M.S.A.1953 (Repl.Vol. 4) provides that " * * * the circumstances constituting fraud * * * shall be stated with particularity. * * *" Defendants claim: " * * * the Plaintiffs ·failed to allege specifically the actual known acts of fraud. * * *" Defendants also contend that the complaint " * * * fails to state specifically what repair work was not done and how Defendant Merlan knew it was not done or any allegations pertaining to Defendant Merlan's knowledge of the contractor's failure to perform all of the repairs. * * *"

■ Defendants seem to be arguing that to plead a claim of fraud the evidentiary details of the claim must be alleged. That is not the law. There is sufficient particularity in the pleading if the facts alleged are facts from which fraud will be necessarily implied. Romero v. Sanchez, 83 N.M. 358, 492 P.2d 140 (1971). " * * * The allegations should leave no doubt in the defendants' minds as to the claim asserted against them. * * *" Maxey v. Quintana, 84 N.M. 38, 499 P.2d 356 (Ct.

App.1972). The allegations here, of knowingly false representations which induced plaintiffs to consummate the sale, are of sufficient particularity to comply with § 21-1-1(9)(b), supra. Defendants' attack on the pleadings is without merit.

### Proof of fraud.

■ Each element of fraud must be established by clear and convincing evidence. Hockett v. Winks, 82 N.M. 597, 485 P.2d 353 (1971).

■ The parties presented affidavits either in support of or in opposition to the · motion for summary judgment. Defendants assert there is nothing in the affidavits which plaintiffs presented " * * * which would be clear and convincing to support all of the elements of fraud. * * *" Since, according to defendants, plaintiffs' affidavits were insufficient to establish fraud, they claim the summary judgment was properly entered.

■ Defendants confuse rules applicable to trials and rules applicable to summary judgments. At trial, the burden of establishing each element of fraud by clear and convincing evidence is upon plaintiffs. There has been no trial. This case was disposed of by summary judgment. Defendants, the movants for summary judgment, had the burden of establishing the absence of a material issue of fact and that it was entitled to summary judgment as a matter of law. Until defendants made a prima facie showing that it was entitled to summary judgment, there was no requirement upon plaintiffs to make any showing as to factual issues. Goodman v. Brock, 83 N.M. 789, 498 P.2d 676 (1972); Sanchez v. Shop Rite Foods, 82 N.M. 369, 482 P.2d 72 (Ct.App.1971). We discuss the showings made by the parties in the next issue.

### Factual issues as to fraud.

Defendants' motion for summary judgment asserts there was no genuine issue as to a material fact. Merlan's affidavit supported the motion. The affidavit states

that Merlan advised plaintiffs of repair work to the basement walls, advised by whom the repairs had been done and that the work had been guaranteed for one year. The affidavit denies any guarantee that the walls were safe "from any water and leakage" and any guarantee against future flooding of the basement. The affidavit denies any misrepresentation and asserts that all defects known to Merlan were shown and explained to plaintiffs. We assume this was a prima facie showing which would have entitled defendants to summary judgment if this showing was not controverted, and that with this showing the burden of showing the existence of a factual issue had shifted to plaintiffs.

Steadman's opposing affidavit states that Merlan advised that the walls had leaked in the past but "that he had had the walls fixed." The affidavit states that Merlan advised that $1,000.00 had been spent to repair the walls; that plaintiffs did not need to worry about a damp basement; that " * * * Merlan produced a receipt * * * listing a number of items of repair which * * * Merlan said had been done, and he further stated that these repairs would prevent further leaking. * * *" The affidavit states the "papers" were signed after receiving this "assurance" from Merlan. The affidavit states that, after moving in, the basement walls leaked; that the matter was brought to Merlan's attention; that plaintiffs then learned " * * * that virtually none of the items of work listed on the receipt had actually been performed * * *" and the contractor had not been paid the amount shown on the receipt. The affidavit of Steadman's attorney corroborates the contents of Steadman's affidavit, and identifies a date and place where Merlan made the statements as to what repairs had been done and that the "walls would no longer leak."

■ The affidavits submitted by plaintiffs raised factual issues as to the representations made by Merlan; the reliance on those representations; Merlan's knowledge of their alleged falsity; and the intent with which the alleged false statements

were made. See Sauter v. St. Michael's College, 70 N.M. 380, 374 P.2d 134 (1962). This being a summary judgment proceeding, the trial court could not weigh the factual conflicts in the opposing affidavits and, thus, could ont resolve issues of credibility. Hinojosa v. Nielson, 83 N.M. 267, 490 P.2d 1240 (Ct.App.1971); Johnson v. J. S. & H. Construction Co., 81 N.M. 42, 462 P.2d 627 (Ct.App.1969).

The factual claims discussed in this point do not sustain the summary judgment.

*Buyers' duty to investigate.*

Merlan's affidavit in support of the summary judgment motion states that plaintiffs " * * * had ample opportunity to inspect the premises and to have an inspection of the walls and the basement at any time they desired," also that plaintiffs had ample opportunity " * * * to have some expert advise them on any such defects." The opposing affidavits do not deny that such opportunities existed. Defendants contend that since such opportunities existed, defendants cannot be held liable for any fraud on their part.

Defendants rely on Berrendo Irr. F. Co. v. Jacobs, 23 N.M. 290, 168 P. 483 (1917), where it is stated:

> " * * * where a vendee undertakes to make investigation of his own, and is given full means to ascertain all the facts, and is not prevented from making the examination as full as he likes, he cannot be heard to complain because he relied upon representations of the vendor if his purchase proves unsuccessful. * * *"

See also Miller v. Golden W. Motel, 78 N.M. 116, 428 P.2d 655 (1967).

The *Berrendo* rule cannot be applied to sustain the summary judgment in this case because there is no showing that plaintiffs undertook to make any investigation of their own.

■ Defendants cite no authority, other than the inapplicable *Berrendo* rule, to support their claim that under the circumstances of this case plaintiffs had a duty to investigate Merlan's allegedly false state-

ment. New Mexico decisions have not imposed such a duty. Rather, they have resolved the issue by determining whether there was reliance and whether plaintiffs were entitled to rely on the alleged misrepresentations. Hammaker v. Lowe, 57 N.M. 585, 261 P.2d 129 (1953); Stewart v. Potter, 44 N.M. 460, 104 P.2d 736 (1940). Compare Bennett v. Finley, 54 N.M. 139, 215 P.2d 1013 (1950). Failing to show that plaintiffs were not entitled to rely on Merlan's alleged misrepresentations, defendants did not make a showing entitling them to summary judgment on this issue.

### Whether a warranty was given.

■ "A 'warranty' is an assurance by one party to a contract of the existence of a fact upon which the other party may rely. * * *" 17A C.J.S. *Contracts* § 342 (1963). See Vitro Corp. of America v. Texas Vitrified Supply Co., 71 N.M. 95, 376 P.2d 41 (1962); Walters v. Ditto, 23 N.M. 558, 170 P. 47 (1917); compare § 50A–2–313, N.M.S.A.1953 (Repl.Vol. 8, pt. 1).

■ A warranty can be given as to the condition of real property. Jackson v. Buesgens, 290 Minn. 78, 186 N.W.2d 184 (1971); Caparrelli v. Rolling Greens, Inc., 39 N.J. 585, 190 A.2d 369 (1963).

In asserting there was no warranty, defendants rely on the affidavit of Merlan that he gave no "guarantee." This is contradicted by the opposing affidavits. Defendants also assert that any assurance given plaintiffs is to be inferred " * * * from the guarantee given by the contractor. * * *" There is nothing to show that plaintiffs had any dealings with the contractor who allegedly made the repairs, and nothing to show that plaintiffs were either a beneficiary of or in any way bound by the contractor's guarantee to the defendants. With disputed factual questions as to Merlan's assurances, and with an absence of any showing that any warranty given was limited to that given by the contractor, defendants' showing was insufficient to sustain a summary judgment

on the basis that no warranty was given. See Jackson v. Buesgens, supra.

### Right to rely on warranty.

■ The issue here is whether plaintiffs had a right to rely on any warranty made by Merlan.

Defendants assert that no such right of reliance existed because plaintiffs did not "require" a guarantee before closing the sale. The answer is that plaintiffs need not have made a specific requirement of a warranty. Plaintiffs could rely on any warranty which was a part of the bargain made between the parties. The question is whether any such warranty was given and, if given, whether plaintiffs relied on the warranty. Defendants did not show an absence of factual issues on these questions. See Vitro Corp. of America v. Texas Vitrified Supply Co., supra; compare Stang v. Hertz Corporation, 83 N.M. 217, 490 P.2d 475 (Ct.App.1971) rev'd on other grounds, 83 N.M. 730, 497 P. 2d 732 (1972).

Defendants also assert that plaintiffs should have contacted the contractor to inquire about the repairs performed and the reason for the repairs. Metropolitan Coal Co. v. Howard, 155 F.2d 780 (2nd Cir. 1946) answers this contention. The opinion states:

"* * * A warranty is an assurance by one party to a contract of the existence of a fact upon which the other party may rely. It is intended precisely to relieve the promisee of any duty to ascertain the fact for himself; it amounts to a promise to indemnify the promisee for any loss if the fact warranted proves untrue. * * *"

Since, if a warranty was given, plaintiffs had a right to rely on that warranty, defendants' contentions concerning a "right to rely" are without merit.

The summary judgment is reversed. The cause is remanded for further proceedings consistent with this opinion.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.