540 P.2d 222

**SECURITY INSURANCE COMPANY OF HARTFORD, Plaintiff-Appellant,**

**v.**

**Fred L. CHAPMAN, Earline B. Chapman, Presbyterian Hospital Center, Edwin B. Herring, M.D. and George A. Atkinson, M. D., Defendants-Appellees.**

**No. 10029.**

Supreme Court of New Mexico.

Sept. 10, 1975.

**294**

Toulouse, Krehbiel & Cheney, James R. Toulouse, J. K. Winchester, Albuquerque, for plaintiff-appellant.

Modrall, Sperling, Roehl, Harris & Sisk, Leland S. Sedberry, Jr., Keleher & McLeod, Russell Moore, Albuquerque, for defendants-appellees.

## OPINION

McMANUS, Chief Justice.

This is what remains of a lawsuit originally filed jointly on April 1, 1969 by Fred and Earline Chapman (hereinafter Chapmans), now defendant-appellees, and Security Insurance Company (hereinafter S.I.C.), now plaintiff-appellant, against defendant-appellees, Presbyterian Hospital Center, members of its staff, and Doctors Edwin B. Herring and George Atkinson, for injuries allegedly sustained by Fred Chapman as a result of the negligence of the hospital and doctors in administering the wrong type of blood to him on November 8, 1966, in the course of an operation and other medical treatment. In this initial lawsuit the Chapmans sought damages for injuries and losses allegedly caused by the mismatch of Fred Chapman's blood, while S.I.C. sought reimbursement for medical expenses and compensation benefits allegedy paid out pursuant to New Mexico workmen's compensation laws as a result of the medical negligence which aggravated Chapman's original injury.

The Chapmans settled their lawsuit without notifying or consulting with S.I.C. As a part of this settlement, the hospital and doctors agreed to indemnify Chapman against any subrogation claim on the proceeds of the settlement which S.I.C. might bring against him based upon payments it allegedly made on his behalf because of the mismatch of blood.

Following the settlement, there were numerous motions, orders and claims made by the parties. Ultimately, S.I.C. amended its complaint to include one count against the Chapmans for reimbursement of that portion of the medical expenses and compensation paid out which S.I.C. attributes to the mismatch of blood, and a second count against all the defendants for a declaratory judgment to determine the rights and obligations of the various parties. All defendants moved for dismissal and the trial court dismissed the complaint with prejudice on the basis that it failed to state a claim upon which relief could be granted.

S.I.C. appeals from this decision on two grounds. The first is that § 59–10–19.1(B), N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 1, 1974) upon which defendants rely, is inapplicable to the case at bar. This section of the New Mexico Workmen's Compensation Act provides:

"In case the employer has made provisions for, and has at the service of the workman at the time of the accident, adequate surgical, hospital and medical facilities and attention and offers to furnish these services during the period

necessary, then the employer shall be under no obligation to furnish additional surgical, medical or hospital services or medicine than those so provided; Provided, however, that the employer furnishing such surgical, medical and hospital services and medicines shall be liable to the workman for injuries resulting from neglect, lack of skill, or care on the part of any person, partnership, corporation or association employed by the employer to care for the workman. In the event however, that any employer becomes so liable to the workman, it shall be optional with the workman injured in such a manner to accept the foregoing provisions and hold the employer liable for the injuries, or to reject these provisions and retain the right to sue the person, partnership, corporation or association employed by the employer who injures the workman through neglect, lack of skill or care. Election to accept or reject the provisions of this section shall be made by a notice in writing, signed and dated, given by the workman to his employer; and, if the workman elects to hold the employer liable for the injuries, the cause of action of the workman against the third person partnership, corporation or association shall be assigned to the employer, who may institute proceedings thereon in any court having jurisdiction, in the workman's name."

■ We hold that this section does apply to the case at bar. Appellant, S.I.C., argues that this statute was intended to cover only those situations where an employer actually maintains hospital and medical facilities for the employees. Under the facts presented here Chapman was both the employer and the employee. After sustaining an injury during the course of his employment, Chapman was admitted to Presbyterian Hospital for surgery and other medical treatment. Notice of the accident and injury was given to S.I.C., which then undertook its obligation to pay Chapman's medical expenses as well as compensation to him. We conclude that under these circumstances the employer did make provisions for, and furnish hospital and medical facilities to the employee within the meaning of the statute. The employer, through its insurance company, did pay the employee's medical bills, which was all that was necessary under the circumstances. Were this section of the Workmen's Compensation Act only to apply where the employer maintained a hospital or clinic exclusively for its employees, as the appellant argues, then there would rarely be an employee in New Mexico who would benefit from its provisions. It seems to us incredible that the legislature intended such a narrow application of this section. We construe § 59–10–19.1(B) of the New Mexico Workmen's Compensation Act in favor of the claimant, as we are required to do since this act is remedial legislation and must be construed liberally to effect its purpose. *Mascarenas v. Kennedy,* 74 N.M. 665, 667–668, 397 P.2d 312, 314 (1964). The purpose of § 59–10–19.1(B), supra, was to give workmen the option of holding their employers liable for the negligence of the doctors or other medical personnel treating them for their work-related injuries, or to hold the doctors or other medical personnel liable directly. To effect this purpose, we hold that Chapman in this case had that option under the statute.

■ The second ground upon which the plaintiff-appellant, S.I.C., relies is that it had either an equitable right of subrogation or a statutory right to reimbursement. As to the equitable right of subrogation, the plaintiff has not properly presented that theory here. The first cause of action in the plaintiff's complaint is a claim for reimbursement from Chapman under the Workmen's Compensation Act. The second is a claim for declaratory relief. Plaintiff is now appealing from the dismissal of these two causes of action. The issue of his alleged right of subrogation was not raised in the district court. We have stated that "[i]t is fundamental that matters not brought into issue by the pleadings and upon which no decision of the trial

court was sought, or fairly invoked, cannot be raised on appeal." *Groendyke Transp., Inc. v. New Mexico St. Corp. Com'n,* 85 N.M. 718, 723, 516 P.2d 689, 693 (1973). See also *Romero v. Sanchez,* 86 N.M. 55, 56, 519 P.2d 291, 292 (1974), Supreme Court Rule 20(1),(2), (§ 21–2–1(20)(1), (2), N.M.S.A., Repl. Vol. 4, 1970). Consequently, we will not consider this issue.

S.I.C. bases its statutory right to reimbursement on § 59–10–25(C), N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1, 1974) which provides:

"The right of any workman, or, in case of his death, of those entitled to receive payment or damages for injuries occasioned to him by the negligence or wrong of any person other than the employer or any other employee of the employer, including a management or supervisory employee, shall not be affected by the Workmen's Compensation Act, but he or they, as the case may be, shall not be allowed to receive payment or recover damages therefor and also claim compensation from the employer, and in such case the receipt of compensation from the employer shall operate as an assignment to the employer, his or its insurer, guarantor or surety, as the case may be of any cause of action, to the extent of payment by the employer to the workman for compensation, surgical, medical, osteopathic, chiropractic, and hospital services and medicine occasioned by the injury which the workman or his legal representative or others may have against any other party for the injuries or death."

■ This section of the New Mexico Workmen's Compensation Act has been consistently interpreted as a reimbursement statute involving only one cause of action. Under it the workman sues the third party tort-feasor for the entire amount of damages and the employer or insurer is reimbursed out of amounts received by the workman. *Herrera v. Springer Corporation,* 85 N.M. 6, 8, 508 P.2d 1303, 1305 (Ct.App.1973), aff'd in part, 85 N.M. 201,

510 P.2d 1072 (1973); *Castro v. Bass,* 74 N.M. 254, 257–58, 392 P.2d 668, 671 (1964); *Kandelin v. Lee Moor Contracting Co.,* 37 N.M. 479, 24 P.2d 731 (1933).

The appellant argues that it is entitled to reimbursement to the extent that it compensated the employee, Chapman, for an injury for which that employee subsequently recovered settlement damages. Appellant stresses that part of § 59–10–25(C), supra, which states that the workman "shall not be allowed to receive payment or recover damages therefor and also claim compensation from the employer." According to the appellant, if the Chapmans were allowed to enjoy the benefits of the compensation, and also retain the entire amount of the settlement made with the hospital and doctors, this would constitute a double recovery.

■■ This court has held that once an employee has recovered a judgment against a third-party tort-feasor, that employee may not thereafter claim compensation for the same injury. *Castro v. Bass,* supra; *White v. New Mexico Highway Commission,* 42 N.M. 626, 83 P.2d 457 (1938). Similarly, we have also held that the employer, or its insurer, has the right to reimbursement of any amounts paid the employee, in the event the employee successfully sues a third-party, since the intent of the Workmen's Compensation Act is to prevent double recovery. *Brown v. Arapahoe Drilling Company,* 70 N.M. 99, 370 P.2d 816 (1962). This is also true where the employee settles the claim against the third-party tort-feasor. *Royal Indemnity Co. v. Southern Cal. Petroleum Corp.,* 67 N.M. 137, 353 P.2d 358 (1960). See also *White v. New Mexico Highway Commission,* supra.

The appellees ask us to distinguish the case at bar from the above cited cases on the basis that § 59–10–25(C), supra, is not applicable to this case since the injury alleged in the complaint is not the same as the one for which S.I.C. began paying compensation and medical benefits. The appellee's theory is that the original injury

for which Chapman was compensated and the subsequent aggravation of that injury by the mismatch of Chapman's blood are separate and distinct injuries. The second injury, according to appellees, is governed strictly by the provisions of § 59–10–19.-1(B), supra, and not by § 59–10–25(C), supra.

In considering the validity of appellees' argument we look to another section of the Workmen's Compensation Act, § 59–10–4(D), N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1, 1974), which provides, in part:

"Nothing in the Workmen's Compensation Act, however, shall affect, or be construed to affect, in any way, the existence of, or the mode of trial of, any claim or cause of action which the workman has against any person other than his employer, or another employee of his employer, including a management or supervisory employee, or the insurer, guarantor or surety of his employer."

Section 59–10–19.1(B), supra, obviously relates to torts of persons other than the employer, or another employee of the employer, or the insurer, guarantor or surety of the employer. Under certain specified circumstances, it extends the tort liability of the employer beyond that recognized in the law of torts, upon an election by the employee, but it in no way affects the tort liability of third persons furnished by the employer to render reasonable medical and hospital services to the injured employee. Normally, under the law of torts, absent a contractual or statutory obligation to furnish medical or hospital services, an employer is not liable for furnishing such services to employees. However, many cases, and we believe the better reasoned, place upon the employer in this situation the duty to use due care in selecting the doctor and hospital. Beyond this there is no liability of the employer for the tortious conduct of the doctor or hospital. Compare Annot., 16 A.L.R.3d 564 (1967) with Annot., 127 A.L.R. 1108 (1940) and Annot., 28 A.L.R.3d 1066 (1969).

However, § 59–10–19.1(B), supra, extends this tort liability of the employer to cover the tortious conduct of the doctor and hospital, if the employer has made provisions for medical and hospital care of the employee at the time of the accident out of which arises the employee's rights to compensation and medical and hospital care under the Workmen's Compensation Act. Section 59–10–19.1(B), supra, nowhere requires the employer to furnish either compensation or medical or hospital care for the employee as a result of the injuries he sustains by reason of this subsequent tortious act of the doctors or the hospital. It provides that the employee may *elect* to hold the employer responsible for the injuries he sustains as a result of this subsequent tortious conduct, and, if he so "elects to hold the employer liable for the injuries, the cause of action of the workman against the third person * * * shall be assigned to the employer, who may institute proceedings thereon in any court having jurisdiction, in the workman's name." This is not a subrogation to the extent of any amounts the employer may have paid. The entire cause of action of the injured workman is assigned to the employer and the injured workman may look to the employer for damages for his injuries, and not for benefits under the Workmen's Compensation Act. The entire tenor of this statute relates to a shifting of tort liability from the tort-feasor to the employer under the circumstances prescribed and upon the election by the employee in the manner provided.

In our opinion, this rather unusual section of our Workmen's Compensation Act, coupled with the foregoing quoted provisions from § 59–10–4(D), and the previously discussed provisions of § 59–10–25(C), clearly demonstrate a legislative intent that ordinary tort law, except as modified by said §§ 59–10–19.1(B) and 59–10–25(C), shall govern the tortious acts of medical personnel and hospitals charged with the care and treatment of an employee for an accident sustained by him

while "performing service arising out of and in the course. of his employment" and where the injury which he suffers "is proximately caused by accident arising out of and in the course of his employment and is not intentionally self-inflicted." This is the only type of accident for which compensation benefits and medical and hospital benefits are available under our compensation act. § 59–10–6, N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 1, 1974).

The New Mexico statute requires a written election by the employee before the employer is liable for additional benefits under the compensation act. Only if the workman makes the election is the cause of action then assigned to the employer who may institute proceedings thereon in any court having jurisdiction in the workman's name.

Other states have similar election statutes and have interpreted them in a manner consistent with our explication of such statute. In Michigan the court has held that acceptance of compensation by the employee for the original injury, does not constitute an election within the statute, precluding recovery for aggravation of the injury by the physician's subsequent malpractice. In *Overbeek v. Nex*, 261 Mich. 156, 246 N.W. 196 (1933), the court said:

"It has been suggested that the employee may exercise his option to take compensation before he has discovered the effects of malpractice and thus foreclose himself from any right against the physician. However, the acceptance of compensation for the original injury does not in any sense constitute an election under the statute. The employee·retains his right against the third party until he has elected to take compensation, not only for the original injury, but also for the aggravated condition resulting from the malpractice."

In that case the physician's malpractice was subsequent to the original injury. The court determined that the acceptance of compensation for the original injury did not constitute an election within the statute and did not preclude the injured employee's recovery for malpractice against the physician. The Michigan statute required an election by the employee to collect additional compensation for the additional injury from the employer similar to the election in the New Mexico statute. See also Annot., 28 A.L.R. 3d 1066, 1084, 1086 (1969). Thus, in those states where there are election provisions the employer or his insurer has no subrogation rights unless the employee has made the appropriate election to receive workmen's compensation benefits from the employer for the additional malpractice. *Steeves v. Irwin*, 233 A.2d 126 (Me.1967).

In the case at hand there was no court determination as to the compensation award and there was no court determination as to whether the compensation paid by the insurer was for the original injury or for the alleged aggravation caused by the alleged improper blood transfusion. S.I.C. paid the employee, Chapman, benefits which were less than a total permanent award. Apparently, he was paid merely for a period and payments then discontinued altogether, without a release having been obtained. The employee did not give the election in writing as required by the statute and did not file suit against the employer for additional workmen's compensation benefits for the alleged malpractice. He instead elected to sue the physicians, technicians and hospital. Any payments made by S.I.C. to the employee must be presumed to be benefits for his original injury. S.I.C. is not entitled to reimbursement from the Chapmans.

We must bear in mind that the Workmen's Compensation Act of New Mexico is sui generis and creates rights, remedies and procedures which are exclusive. *Anaya v. City of Santa Fe*, 80 N.M. 54, 451 P.2d 303 (1969); *Magee v. Albuquerque Gravel Products Company*, 65 N. M. 314, 336 P.2d 1066 (1959). Of course, the decisions of other states, if any, which have statutory provisions comparable to

ours, with which we are here concerned, are persuasive but not binding on us. Any workmen's compensation cases from other jurisdictions, reaching a contrary result from that which we believe our statute compels under the facts before us, are not persuasive. Our law of workmen's compensation in New Mexico is governed by our Workmen's Compensation Act.

The judgment of the trial court will be affirmed.

It is so ordered.

OMAN and MONTOYA, JJ., concur.