561 P.2d 1345

Thomas W. KRUPIAK and Maria Estella Krupiak, his wife, Individually, and Krupiak Construction & Development Co., Inc., Petitioners,

v.

George A. PAYTON and Joan Payton, his wife, Perry C. Chase and Patricia A. Chase, his wife, Daniel Archuleta and Martha Archuleta, his wife, Frank E. Larkins, a single man, Gerald Emerson and Reyna Emerson, his wife, Respondents.

No. 11215.

Supreme Court of New Mexico.

March 31, 1977.

Edward J. Apodaca, Albuquerque, for petitioners.

Robert C. Resta, Rodey, Dickason, Sloan, Akin & Robb, John P. Salazar, Albuquerque, amicus curiae Albuquerque Home Builders Assn.

OPINION

PAYNE, Justice.

In February 1972, the defendant Krupiak, a home builder, purchased certain lots fronting a paved access road and bordered on the back by an unpaved street. He was given a discount from the purchase price to offset any special assessments or other charges which "have been or may be levied against said lots." Homes were constructed on these lots which were sold to the plaintiffs through a real estate agency. These sales occurred in 1973. In 1975 the City of Albuquerque levied a special assessment against the lots for the purpose of improving and paving San Antonio Drive, the street which abutted the lots to the rear. The plaintiffs filed suit alleging that Krupiak, with the intent to deceive them, had violated a duty to disclose the possibility of the special assessment. The district court

granted summary judgment in favor of Krupiak. That decision was reversed by the Court of Appeals. Certiorari was granted and we now uphold the decision of the district court.

Even when given the strongest possible weight, the plaintiff's petition and affidavits do not show the existence of any genuine issue of fact. The most that can be supported by the record is that Krupiak knew of the "possibility" of an assessment at the time plaintiffs purchased their homes.

■ The plaintiff's petition was sufficient to raise the issue of fraud. *Steadman v. Turner*, 84 N.M. 738, 507 P.2d 799 (Ct. App.1973). Actionable fraud is found if a party to a transaction knows of material facts, has a duty to disclose, and remains silent. A duty to disclose may arise if there is knowledge that the other party to a contemplated transaction is acting under a mistaken belief. A duty to disclose may also arise if one has superior knowledge that is not within the reach of the other party or could not have been discovered by the exercise of reasonable diligence. *Everett v. Gilliland*, 47 N.M. 269, 141 P.2d 326 (1943); *H. B. Cartwright v. U. S. B. & T. Co.*, 23 N.M. 82, 131, 167 P. 436, 453 (1917); W. Prosser, Law of Torts, § 106, at 695–696 (4th ed. 1971).

■ There is no evidence that the defendant had any direct contact or acquaintance with any of the plaintiffs prior to the lawsuit. There was no fiduciary or confidential relationship existing between the parties. There was no reliance upon any affirmative statements, words or acts by the defendant distracting the plaintiffs from making their own independent investigation as to the status of the property.

The record does not reflect that the builder had superior knowledge of any possible future special assessment. He knew that there was an unpaved street to the rear of the lots, but the homeowners also knew the status of the unpaved street. The homeowners had visually inspected their lots and had or could have obtained all the knowledge that the builder had pertaining to a possible assessment. The builder had no duty to disclose his discount transaction nor to pass along the benefit of that transaction to plaintiffs when the discount was based upon the mere "possibility" of a special assessment. We hold that a builder cannot be held to a burden of disclosing unknown contingencies.

The special assessments made by the city in this case were presumably based upon benefits which would accrue to the abutting property under §§ 14–32–1 and 14–32–4, N.M.S.A. 1953. These benefits had not accrued at the time the plaintiffs purchased their homes. If plaintiffs contend they are not benefited to the extent of any assessments made, their remedy would have been against the city. Section 14–32–6, N.M.S.A. 1953.

The decision of the Court of Appeals is reversed and the matter is remanded for action consistent with this opinion.

IT IS SO ORDERED.

OMAN, C. J., and McMANUS, SOSA and EASLEY, JJ., concur.