580 P.2d 500

Margaret O. DELGADO, Plaintiff-Appellant,

v.

Vincent A. COSTELLO, the Insurance Center, Inc., and Security Insurance Company, Defendants-Appellees.

No. 3463.

Court of Appeals of New Mexico.

June 6, 1978.

Robert C. Resta, Albuquerque, for appellant.

H. Perry Ryon and Alan C. Torgerson, Shaffer, Butt, Jones, Thornton & Dines, P. C., Albuquerque, for appellee Security Ins. Co.

Kenneth R. Brandt, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, Ranne B. Miller, Keleher & McLeod, Albuquerque, for appellees Vincent A. Costello & The Insurance Center, Inc.

## OPINION

WOOD, Chief Judge.

■ Plaintiff's appeal involves the sufficiency of the amended complaint. The trial court granted defendants' motions to dismiss on the ground the amended complaint "fails to state a claim upon which relief can be granted as a matter of law". There are four claims—fraud, constructive fraud, negligent misrepresentation, and reformation of an insurance policy. All claims involve the coinsurance clause of a fire insurance policy. We discuss: (1) allegation of fraud; (2) duty of disclosure; and (3) pleading a claim under the doctrine of reasonable expectations. Dismissal was under Rule of Civ.Proc. 12(b)(6). Dismissal under this rule is proper only if it appears that plaintiff cannot recover under any state of facts provable under the claims made. *Villegas v. American Smelting & Refining Co.*, 89 N.M. 387, 552 P.2d 1235 (Ct.App.1976) and cases therein cited.

The amended complaint alleges: 1) that Costello was acting within the scope of his employment with The Insurance Center, Inc. and that The Insurance Center, Inc. was acting within the scope of its agency for Security Insurance Company; 2) on or about January 1, 1974 plaintiff obtained a standard fire insurance policy through Costello and The Insurance Center, Inc., and that the policy was written by Security Insurance Company; 3) that the policy was issued in the amount of $25,000 for a commercial building and contained an 80 percent coinsurance clause; 4) that a fire loss occurred in January, 1977 resulting in damages of approximately $16,000; 5) that only $7,643.07 was paid because of the coinsurance provision, and plaintiff has been damaged in the amount of $10,000.

■ There is some argument that the policy provisions are ambiguous, but this argument is without merit. The 80 percent coinsurance is identified on the face of the policy. The policy recites:

[I]t is expressly stipulated and made a condition of this contract that the Insured shall at all times maintain contributing insurance on each item of property covered by this policy to the extent of at least the percentage specified on the first page of this policy or endorsed hereon of the actual cash value at the time of the loss, and that failing to do so, the Insured shall to the extent of such deficit bear his, her or their proportions of any loss.

This explanation was not "hidden" in the policy; it does not involve a series of negatives or exceptions. See *Pribble v. Aetna Life Insurance Company*, 84 N.M. 211, 501 P.2d 255 (1972). This explanation cannot be held ambiguous as a matter of law. See *Wiseman v. Arrow Freightways, Inc.*, 89 N.M. 392, 552 P.2d 1240 (Ct.App.1976).

Plaintiff's claims are based on the allegation that she "did not know or understand the nature of the coinsurance clause and would not have purchased the policy as written had she understood the nature of the clause, but would have purchased additional insurance in order to be fully protected under the coinsurance clause."

### Allegation of Fraud

Claiming fraud, plaintiff alleged that Costello "knew the relevance of the 80% coinsurance clause, but in order to effect the sale [of the fire insurance policy], knowingly and willfully failed to disclose the meaning of said provision to the plaintiff. The plaintiff relied upon the advice of . . . Costello, in the purchase of said insurance".

■ One of the elements of fraud is that the representation made "was made with intent to deceive and for the purpose of inducing the other party to act upon it". *Sauter v. St. Michael's College*, 70 N.M. 380, 374 P.2d 134 (1962). Defendants assert the claim of fraud is insufficient "[b]ecause of the omission of the crucial allegation of fraudulent inducement".

■ Rule of Civ.Proc. 9(b) requires allegations of fraud to be stated with particularity. A pleading of fraud is sufficient if the facts alleged are facts from which fraud will necessarily be implied; in addition, the allegations should leave no doubt in defendants' minds as to the claim asserted. *Stead-*

man v. Turner, 84 N.M. 738, 507 P.2d 799 (Ct.App.1973). The allegation that Costello knowingly failed to disclose the meaning of the coinsurance clause "in order to effect the sale" was a sufficient allegation of the inducement element of fraud; it left no doubt as to the basis for the fraud claim.

*Duty of Disclosure*

A duty of disclosure is implicit in the fraud claim and specifically pleaded in the claims of constructive fraud and negligent misrepresentation. This asserted duty is the duty "to disclose the nature of the coinsurance clause to the plaintiff". Defendants assert that dismissal of the fraud, constructive fraud and negligent misrepresentation claims was proper because of absence of law to support them. See *C & H Constr. & Pav. Inc. v. Foundation Reserve Ins. Co.*, 85 N.M. 374, 512 P.2d 947 (1973). The contention is that Costello had no duty to disclose the nature of the coinsurance clause to plaintiff. In support of this contention, defendants argue that the existence of such a duty was a question of law to be determined by the trial court.

We agree that these claims depend on a duty on the part of defendants. As to "duty" in the fraud claims, see *Krupiak v. Payton*, 90 N.M. 252, 561 P.2d 1345 (1977) and *Snell v. Cornehl*, 81 N.M. 248, 466 P.2d 94 (1970). As to "duty" in the claim of negligent misrepresentation, "negligence" encompasses the duty to use ordinary care. See *Latimer v. City of Clovis*, 83 N.M. 610, 495 P.2d 788 (Ct.App.1972). Plaintiff is relying on a duty of disclosure; if no such duty exists, the claims were properly dismissed.

We also agree that the trial court is to determine whether such a duty exists. See *Southern Union Gas Co. v. Briner Rust Proofing Co.*, 65 N.M. 32, 331 P.2d 531 (1958).

We do not agree, however, that the trial court could determine the absence of a duty to disclose on the basis of the amended complaint. *Thompson v. Occidental Life Ins. Co. of Cal.*, 90 N.M. 620, 567 P.2d 62 (1977) held that the selling agent had no duty to advise the purchaser of the policy concerning the refund of premiums. The holding in *Thompson*, supra, was based on the circumstances; the circumstances were a motion for summary judgment based on affidavits and answers to interrogatories. *Southern Union Gas Co. v. Briner Rust Proofing Co.*, supra, also decided the "duty" question after considering the circumstances of the case, but the circumstances involved a motion for summary judgment based on depositions. Here, the "duty" question has been decided solely on the basis of a pleading—the allegations in the amended complaint. Such was an insufficient basis.

As to the fraud claims, *Krupiak v. Payton*, supra, states:

A duty to disclose may arise if there is knowledge that the other party to a contemplated transaction is acting under a mistaken belief. A duty to disclose may also arise if one has superior knowledge that is not within the reach of the other party or could not have been discovered by the exercise of reasonable diligence.

Without factual information, the trial court could not determine whether there was a duty to disclose.

As to the claim of negligent misrepresentation, absent information as to the circumstances (it should not be overlooked that plaintiff alleged she was relying on Costello's advice), the trial court could not determine whether there was a duty to disclose. *Thompson v. Occidental Life Ins. Co. of Cal.*, supra. Whether a duty to disclose exists depends on the facts, and the facts have not been developed. Compare the factual basis for a duty to deal in good faith in *Chavez v. Chenoweth*, 89 N.M. 423, 553 P.2d 703 (Ct.App.1976).

The amended complaint did not provide sufficient information to determine there was no duty of disclosure. The fraud and constructive fraud claims, based on a duty of disclosure, state claims for relief because a duty of disclosure is provable under those claims. *Krupiak v. Payton*, supra. The negligent misrepresentation

736

claim, based on a duty of disclosure, states a claim for relief because a duty of disclosure is provable under this claim in order to establish the asserted negligence. See *Maxey v. Quintana*, 84 N.M. 38, 499 P.2d 356 (Ct.App.1972); compare the negligence claim, held to be sufficient, in *Veale v. Eavenson*, 52 N.M. 102, 192 P.2d 312 (1948).

The trial court erred in holding the fraud, constructive fraud and negligent misrepresentation claims failed to state a claim upon which relief could be granted.

### Pleading a Claim Under the Doctrine of Reasonable Expectations

Plaintiff's alternative claim is that the insurance policy should be reformed to conform to the reasonable expectations of plaintiff. Defendants do not contend that a claim for reformation, based on the doctrine of reasonable expectations, is not a basis on which relief can be granted. As to reformation, see *Kimberly, Inc. v. Hays*, 88 N.M. 140, 537 P.2d 1402 (1975); as to the doctrine of reasonable expectations, see *Pribble v. Aetna Life Insurance Company*, supra.

Defendants' contention is that the pleading is deficient. *Pribble*, supra, states:

We will not simply mechanically charge Mr. Pribble with the duty of reading and understanding the policy and certificate and then bar him from recovery by a literal application of its terms and provisions. Rather, based on the facts before us, we hold that Mr. Pribble, himself or through his authorized representatives was only bound to make such examination of such documents as would be reasonable for him to do under the circumstances; that he will only be held to that which he would be thereby alerted; and if the language is such that a laymen [sic] would not understand its full impact were he to attempt to plow through it, the documents will yield the maximum protection consistent with their language and the reasonable expectation of Mr. Pribble.

Defendants state the amended complaint fails to allege that plaintiff "made *any* attempt at *any* time to examine the insurance contract, or that the insurance contract contained *any* language, which if read by a layman, would not be understood." No authority is cited that plaintiff was required to so plead.

Rule of Civ.Proc. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief". The amended complaint makes such a statement; it asserts that Costello failed to disclose the meaning of the coinsurance clause in order to effect the sale of the fire insurance policy, that plaintiff relied on Costello's advice, that plaintiff would have taken other action if she had understood the nature of the coinsurance clause, and that the policy should be reformed to meet her reasonable expectations.

"The office of the pleadings is to give the parties fair notice of both claims and defenses and the grounds upon which they rest." *Seasons, Inc. v. Atwell*, 86 N.M. 751, 527 P.2d 792 (1974). One of the purposes of the rules of civil procedure is to simplify litigation procedures and avoid technical claims, such as the defendants' contention under this issue. *Maxey v. Quintana*, supra. The amended complaint gave defendants notice of plaintiff's "reasonable expectations" claim; the trial court erred in holding this claim failed to state a claim upon which relief could be granted.

The order of the trial court dismissing the amended complaint with prejudice is reversed. Plaintiff is to recover her appellate costs; defendants are jointly and severally liable for such costs.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.