636 P.2d 322

TRANSAMERICA INSURANCE COMPANY, Plaintiff-Appellant,

v.

Emil SYDOW, Defendant-Appellee.

No. 5128.

Court of Appeals of New Mexico.

Oct. 22, 1981.

J. E. Casados, Gallagher, Casados & Martin, P. C., Albuquerque, for plaintiff-appellant.

Leo C. Kelly, Lill, Kelly & Barr, Albuquerque, for defendant-appellee.

## OPINION

WALTERS, Judge.

The trial court granted plaintiff's motion to dismiss Transamerica's "Complaint for Reimbursement" for failure to state a claim. Transamerica appeals; we reverse.

Transamerica, in a singularly terse complaint, asserted its right to reimbursement for workmen's compensation benefits paid to appellee Sydow. It claimed that after settling with Transamerica, Sydow had filed and settled a separate malpractice claim against the doctor who treated him for the work-related injury.

Attached to the complaint as an exhibit was a letter from Sydow's counsel to appellant acknowledging awareness of Transamerica's "interest in [Sydow malpractice] case and [Sydow's counsel's readiness] to protect that interest at this time out of any settlement or judgment." That exhibit confirmed Transamerica's allegations that

it did not intervene in Sydow's malpractice suit because of assurance that its interest would be protected. The complaint alleged further that the malpractice suit was settled; that Sydow's counsel had refused to account, to advise of the settlement reached, or to reimburse Transamerica for any amounts Transamerica "may have paid."

Transamerica prayed for reimbursement of all compensation and medical payments which it had not recovered from other sources. At oral argument, Transamerica admitted that it was not entitled to be reimbursed for payments of Sydow's medical expenses and compensation benefits covering the period before the medical injury was inflicted by the doctor's treatment.

After Sydow's deposition was taken by Transamerica, Sydow moved to dismiss the suit for failure to state a claim upon which relief could be granted, citing *Security Ins. Co. v. Chapman*, 88 N.M. 292, 540 P.2d 222 (1975). That case, the deposition produced at the hearing on the motion to dismiss, and the uncontested representations made at oral argument, lead us to consideration of §§ 52–1–49B and 52–1–56C, N.M.S.A.1978, of the Workmen's Compensation Act, discussed in *Chapman*, for a resolution of this appeal.

The pertinent portion of § 52–1–49B provides:

[T]he employer furnishing ... surgical, medical and hospital services and medicines shall be liable to the workman for injuries resulting from neglect, lack of skill or care on the part of any person ... employed by the employer to care for the workman. In the event, however, that any employer becomes so liable to the workman, it shall be optional with the workman injured in such a manner to accept the foregoing provisions and hold the employer liable for the injuries, or to reject these provisions and retain the right to sue the person ... employed by the employer who injures the workman through neglect, lack of skill or care. Election to accept or reject the provisions in this section shall be made by a notice in writing, signed and dated, given by the workman to his employer; and, if the workman elects to hold the employer liable for the injuries, the cause of action of the workman against the third person ... shall be assigned to the employer, who may institute proceedings thereon in any court having jurisdiction, in the workman's name.

Section 52–1–56C, in its relevant portion, states:

The right of any workman ... entitled to receive payment or damages for injuries occasioned to him by the negligence or wrong of any person other than the employer or any other employee of the employer ... shall not be affected by the Workmen's Compensation Act, but he ... shall not be allowed to receive payment or recover damages therefor and also claim compensation from the employer, and in such case the receipt of compensation from the employer shall operate as an assignment to the employer ... of any cause of action, to the extent of payment by the employer to the workman for compensation, surgical, medical, osteopathic, chiropractic, and hospital services and medicine occasioned by the injury which the workman or his legal representative or others may have against any other party for the injuries or death.

The complaint and defendant's deposition establish a sequence of events, confirmed by counsel during oral argument, occurring after the injury for which Sydow's compensation claim was made:

(1) Defendant Sydow sued for workman's compensation for an on-the-job injury suffered when the concrete chute of a cement truck (owned by a contractor other than defendant's employer) struck him in the back.

(2) Defendant was treated for that accident and injury by Drs. Lehman, Hollinger, Rock, Maron and Francis; Dr. Hollinger performed a laminectomy on Sydow after diagnosing a ruptured disc caused by the concrete chute accident.

(3) Sydow thereafter brought a third-party suit against the company whose employee had struck him with the chute. That case was settled; Transamerica was reimbursed in an amount less than $1,000 (the complaint alleges $878.34) from Sydow's settlement with that third party.

(4) Dr. Hollinger's deposition was taken in the third-party action, before settlement with Transamerica of Sydow's workmen's compensation claim. Following the workman's compensation settlement, and following Sydow's suit against the third-party tortfeasor, Mr. Sydow reviewed Dr. Hollinger's deposition and determined that he had a malpractice claim against the doctor for operating at the wrong level. Sydow obtained a settlement from Dr. Hollinger after filing a malpractice suit against him.

(5) During the pendency of Sydow's suit against the doctor, his counsel wrote to Transamerica's attorney (as outlined above), agreeing to protect Transamerica "out of any settlement or judgment" and expressing his "desire that you accept this letter as a letter of protection and not intervene in the [malpractice] case. As you can see, if we can proceed on this basis, I would appreciate it very much." (Exhibit A to the complaint.)

This background of information is crucial to an interpretation of the statutes we have quoted above, because it sets the time frame and elucidates an understanding of Transamerica's claim.

Section 52–1–49B holds the employer furnishing medical attention liable for any injuries caused the workman by such care. However, it also gives the workman the option to pursue a claim for those injuries against the employer or the person responsible, if he notifies his employer in writing of the election he intends to make. The employee gave his employer no such notice in this case, but he proceeded with an independent malpractice action against the physician who performed surgery for the work-related injury, after he had settled his claim against his employer. It is clear, as Transamerica has argued and defendant admits

in his Answer Brief, that Dr. Hollinger's surgery occurred during treatment for the original injury. It is thus fair to assume that at the time Transamerica settled with defendant, the disabling condition for which Transamerica paid had been partially contributed to by the doctor's alleged malpractice. Therefore, argues Transamerica, at least some portion of the total amount paid by Transamerica would have been for a condition of disability caused partially by the original injury and partially as exacerbated by the doctor's treatment.

■ All pertinent sections of the Workmen's Compensation Act must be read in a manner that will give effect to the legislative intent, and should not be construed in such a way as will nullify certain of its provisions. *Security Trust v. Smith*, 93 N.M. 35, 596 P.2d 248 (1979). Section 52–1–56C operates to prevent the workman from recovering damages from the wrongdoer as well as from the employer for "the negligence or wrong of any person other than the employer." The receipt of any such amounts for that kind of damage from the employer "shall operate as an assignment to the employer ... to the extent of payment by the employer ... for surgical, medical ... hospital services and medicine occasioned by the injury" inflicted by the person other than the employer.

■ The *Chapman* case argued by Sydow in his motion for dismissal is not analogous. The Supreme Court there noted, at 88 N.M. 298, 540 P.2d 228, that the employee "was paid merely for a period and payments then discontinued altogether.... Any payments made by [the workmen's compensation carrier] to the employee must be presumed to be benefits for his original injury." That presumption does not follow in the case now before us, because Transamerica did not terminate benefits but, instead, settled all of plaintiff's claims to entitlement under the Act. The fact of settlement presupposes a negotiated payment for compensation on a basis of total or partial disability (§§ 52–1–41, 52–1–42), for medical and related benefits (§ 52–1–49), and for vocational rehabilitation benefits (§ 52–1–

50). The degree of defendant's disability for which settlement was made is thus presumed to have been that degree agreed upon between the parties as of the date settlement was made. The parties concede that the doctor's treatment, which impliedly contributed to defendant's ultimate disabled condition, occurred before the compensation claim was settled. It stands to reason, therefore, that the insurer was contending that it paid more than benefits for the original injury, and that the settlement had to include payment for some degree of disability occasioned by the doctor's maltreatment over and above the disability caused by the original injury.

A motion to dismiss is properly granted if, "under any state of facts provable under the claims made," plaintiff cannot recover. *Delgado v. Costello*, 91 N.M. 732, 734, 580 P.2d 500 (Ct.App.1978). A complaint need only make a short and plain statement of the claim showing that the pleader is entitled to relief. *Id.*; N.M.R.Civ.P. 8(a)(2), N.M.S.A.1978. "The office of the pleadings is to give the parties fair notice of both claims and defenses and the grounds upon which they rest." *Seasons, Inc. v. Atwell*, 86 N.M. 751, 527 P.2d 792 (1974).

Plaintiff's complaint was clearly labeled one "for Reimbursement"; the exhibit attached clearly disclosed an understanding between the parties of the claim underlying the complaint; defendant's motion to dismiss and his expressed reliance therein on the *Chapman* case to support the motion, clearly remove any doubts regarding defendant's notice of plaintiffs' asserted claim. If defendant understood the claim made by plaintiff, we are in no position to say that the complaint was insufficient.

Moreover, as we have noted, plaintiff's complaint alleged that defendant's counsel agreed in writing to protect Transamerica's interests in any recovery against the doctor for malpractice, in return for Transamerica's promise not to intervene in that case. The letter attached as Exhibit "A" to plaintiff's complaint supports the allegation which, in essense, alleges the existence of an agreement and its breach. Those alleged facts are sufficient to state a valid cause of action for breach of contract.

■ The established policy of the Rules of Civil Procedure require that the rights of litigants be determined by an adjudication on the merits rather than upon the technicalities of procedure and form. *Las Luminarias of the N.M. Council of the Blind v. Isengard*, 92 N.M. 297, 587 P.2d 444 (Ct. App.1978); *Carroll v. Bunt*, 50 N.M. 127, 172 P.2d 116 (1946). "All pleadings shall be so construed as to do substantial justice." N.M.R.Civ.P. 8(f), N.M.S.A.1978. Under the facts of this case and the record submitted the pleadings withstand the attack made by the motion to dismiss.

■■ We think there is a second reason why defendant's motion should not have been granted: The deposition was a part of the record at the time of dismissal; both parties refer to evidence contained in the deposition in their briefs. In its order of dismissal, the trial court said: " . . . the Court having heard evidence and being otherwise advised. . . ." In view of the state of the record as well as because of references to the deposition in counsel's appellate briefs, we are permitted to consider Sydow's motion as one for summary judgment under Rule 56, N.M.R.Civ.P., rather than for dismissal under Rule 12(b)(6), *supra*. When matters outside the pleadings are considered on a motion to dismiss, the motion will be treated as one for summary judgment. *Wheeler v. Board of Co. Commr's*, 74 N.M. 165, 391 P.2d 664 (1964); Rule 12(c), N.M.R.Civ.P., N.M.S.A.1978. So viewing the motion filed, an issue of fact exists whether Transamerica's settlement amount included some payment for a disability caused or increased by the doctor's treatment, or was payment for a disability resulting from the original injury only. The resolution of that question determines whether Transamerica is entitled to any reimbursement under § 52–1–56C's prohibition of double recovery to the workman.

Considering this appeal most favorably in support of a right to trial on the issues, as we must, and looking at the whole record to note evidence which puts a material fact in

issue, *C & H Constr. & Paving Co. v. Citizens Bank*, 93 N.M. 150, 597 P.2d 1190 (Ct. App.1979), we hold summary judgment improper in this case. The complaint is sparse in its allegations, but the record as a whole sufficiently amplifies the theory of liability and plaintiff's claim for relief.

The order of dismissal is reversed, and the matter is remanded for trial on the merits.

It is so ordered.

DONNELLY, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

Transamerica sued Sydow for reimbursement of workmen's compensation benefits paid. The complaint alleged that Transamerica paid Sydow compensation on the basis of an accident that happened on July 1, 1974; that Sydow sued a doctor for malpractice in the treatment of the injuries suffered in the accident which case was settled and dismissed; that Transamerica did not intervene because Sydow's lawyer agreed by letter to protect Transamerica in any judgment or settlement obtained; that Sydow, through his lawyer, refused and failed to account to Transamerica or to advise of the amount of the settlement and failed to reimburse Transamerica for any amounts paid.

Sydow filed a motion to dismiss for failure to state a claim for relief. The motion was granted and the complaint dismissed. Transamerica appeals. The appeal should be affirmed.

A. *Dismissal without prejudice is not an appealable order.*

The trial court ordered "that plaintiff's claim be and it hereby is dismissed." Dismissal without prejudice is not a final order and is not appealable. *Ortega v. Transamerica Ins. Co.*, 91 N.M. 31, 569 P.2d 957 (Ct.App.1977), Sutin, J., dissenting; *Armijo v. Co-Con Const. Co.*, 92 N.M. 295, 587 P.2d 442 (Ct.App.1978). This appeal should be dismissed. However, in *Rumpf v. Rainbo Baking Co.*, 96 N.M. 1, 626 P.2d 1303 (Ct. App.1981), Sutin, J., dissenting, *cert. denied*, plaintiff's complaint was dismissed with prejudice. *No appeal was taken from the judgment.* However, this Court said:

> [A]lthough the dismissal with prejudice was not an issue on appeal, we hold that it was improper under the circumstances of this case. [Emphasis added.] [Id. 1304.]

> \*    \*    \*    \*    \*    \*

> ... The case is remanded for modification and deletion of that portion of the judgment which dismisses the claim with prejudice. [Id. 1306.]

This Court now has the judicial power to modify, delete, add or otherwise amend a judgment below which is not before this Court. It naturally follows that upon disposition of this case we can remand it to the district court and order that the words "with prejudice" be added to make it an appealable Order.

A judgment which dismisses a complaint without prejudice should be an appealable order because, by giving notice of appeal, the appellant has decided not to plead over. *Ortega* and *Armijo* should be overruled on this issue.

B. *Transamerica is not entitled to reimbursement.*

The only issue on this appeal is whether Transamerica is entitled to reimbursement of compensation benefits paid Sydow. Sydow's motion to dismiss was granted based upon *Security Insurance Co. of Hartford v. Chapman*, 88 N.M. 292, 540 P.2d 222 (1975) and its interpretation of §§ 52–1–49(B) and 52–1–56(C), N.M.S.A.1978.

Initially, Chapman and S.I.C. sued a hospital and doctors for injuries sustained by Chapman as a result of negligence of defendants. Chapman sought damages while S.I.C. sought reimbursement for compensation benefits paid Chapman. Chapman settled without notifying or consulting with S.I.C. S.I.C. amended its complaint to seek reimbursement. The complaint was dis-

**56**

missed with prejudice and S.I.C. appealed. The dismissal below was affirmed.

Section 52–1–49(B) as summarized reads:

(1) An employee who furnished medical services to a workman *shall be liable for injuries* resulting from neglect, lack of skill or care on the part of any person employed by the employer to care for the workman.

(2) The workman has *an option* to hold the employer liable for the injuries or retain the right to sue the person who injured the workman. *Election to accept or reject the provisions of this section shall be made in writing.*

(3) If the workman elects to hold the employer liable, the workman shall assign to the employer, the claim against the third person and the employer may sue the third person in the workman's name.

I agree with Transamerica that the meaning of this statute is clear. It states: Its intent is to give the worker an option. He may choose to hold his employer liable for the negligence of the doctor furnished by the employer, or he may choose to release the employer. If the worker chooses the second alternative, he is then free to sue the doctor on his own and the employer does not have a right to reimbursement from any damages or settlement proceeds obtained by the worker from the doctor and surely, has no obligation to pay for the results of the malpractice.

This section is not a reimbursement statute.

Sydow chose the second alternative. This Court's opinion should end here.

Section 52–1–49(B) does not involve any proceedings under the Workmen's Compensation Act. The employer is not required to pay workmen's compensation benefits for any subsequent tortious conduct of a third person, such as malpractice of a doctor, who takes care of or treats an injured workman. It provides an injured workman with a *common law remedy* against the employer or third person tortfeasor. It focuses upon the *common law liability* of an employer for damages for injuries to an *injured* workman caused by a third person tortfeasor.

The damages sought by the injured workman or the employer are for those injuries suffered at the second injury, subsequent to the first injury which is the accidental injury. No recovery of compensation benefits or damages are sought for the *first* injury. Section 52–1–49(B) applies only to the *second* injury, the subsequent tortious conduct of the third person.

If the injured workman chooses not to hold the employer liable for the second injury, the workman can sue the third person tortfeasor to recover damages for injuries caused by the second injury event.

If the injured workman chooses to hold the employer liable for the second injury, the workman's claim against the third person tortfeasor is assigned to the employer. The employer, then, has a duty to bring an action against the third person in the name of the workman. The workman looks to the employer for those damages recovered from the third person.

Sydow chose to pursue the doctor, the third party tortfeasor and then settled the matter. Sydow was not required to reimburse Transamerica for any compensation paid by the employer for the first injury.

Transamerica relies principally on the fact that Sydow gave no written notice of its election to accept or reject the provisions of this section.

*Chapman* said:

The employee did not give the election in writing as required by the statute and did not file suit against the employer for additional workmen's compensation benefits for the alleged malpractice. He instead elected to sue the physicians, technicians and hospital. [88 N.M. 298.]

*Chapman* did not explain why written notice to the employer was unnecessary. But it did hold, by reason of affirmance of the judgment below, that a written election to release the employer from liability and to pursue the third party tortfeasors was not required.

Notice in writing is mandatory. If Transamerica could show that it was preju-

diced by lack of notice, reversible error could result. Prejudice cannot result when an injured workman chooses to take action against the third party tortfeasor. It releases the employer from liability to the workman. The workman cannot exercise his common law remedy against the employer. It relieves the employer of the cost and expense of suing the third party tortfeasor for and on behalf of, and in the name of, the workman with no benefits accruing to the employer.

Notice in writing to the employer is solely for the protection of the workman. If notice is given that the workman chooses to hold the employer liable for the second injury and the employer fails to perform its duty, the employer is liable under a common law remedy afforded the workman. If the workman fails to give notice to the employer and for some reason the workman cannot recover from the third party tortfeasor, the workman suffers the loss of damages for the second injury.

The failure of Sydow to give written notice to Transamerica of its election was not prejudiciously erroneous.

Under *Chapman*, Sydow complied with § 52–1–49(B) and Transamerica was not entitled to reimbursement.

Section 52–1–56(C) has erroneously been held to be a reimbursement statute since *Kandelin v. Lee Moor Contracting Co.*, 37 N.M. 479, 24 P.2d 731 (1933). We are bound by this interpretation. As summarized, it reads:

> If a workman is injured by a third person tortfeasor he "shall not be allowed to receive payment or recover damages therefor and also claim compensation from the employer, and *in such case* the receipt of compensation from the employer shall operate as an assignment to the employer ... of any cause of action, to the extent of payment by the employer to the workman ... occasioned by the injury which the workman ... may have against any other party for the injuries ..." [Emphasis added.]

Unlike § 52–1–49(B), no reference is made to a second injury claim, the subsequent tortious conduct of a third person. It is not applicable to a second injury claim. It is applicable only when the negligence of a third person causes the first injury, the accidental injury, under which a workman is entitled to compensation benefits.

"In such case" refers to the previous language, i. e., if the workman has been paid some compensation by the employer *for the first injury*, and has recovered in tort from a third party tortfeasor for the accident that caused *the first injury*, then the employer is entitled to reimbursement from the tort recovery not only to the amount of compensation paid but to total liability to the workman for compensation benefits. The reason is that § 52–1–56(C) prohibits a workman from obtaining a double recovery *for the same injury*. It does not prohibit a workman from making a full recovery for a second injury caused by subsequent tortious conduct of a third person.

For the second injury set forth in § 52–1–49(B), the employer is not entitled to reimbursement. The employer has paid nothing for the second injury. Having paid nothing, the employer cannot seek reimbursement. Under *Chapman*, § 52–1–56(C), Transamerica is not entitled to reimbursement.

Transamerica raises a collateral issue in this appeal. Attached to the complaint is an exhibit, a letter written by Sydow's lawyer. It reads:

> This letter will confirm my conversation with you in which you informed me you represent Transamerica Insurance and would like to be reimbursed for workmen's compensation payments made to Mr. Sydow out of any recovery Mr. Sydow might obtain in his suit against Dr. _____ for alleged malpractice. As I told you, I am aware of Transamerica's interest in the case and am prepared to protect that interest at this time out of any settlement or judgment. It is my desire that you accept this letter as a letter of protection and not intervene in the case. As you can see, if we can proceed on this basis, I would appreciate it very much.

This letter did not create prejudicial error. It did cause Transamerica to refrain from seeking reimbursement by way of intervention in the action brought by Sydow against the doctor. Inasmuch as Transamerica was not entitled to reimbursement, it was not entitled to intervene and was saved the cost and expense of intervention. Events which would have occurred after intervention are speculative. The issue of reimbursement might have been raised during the Sydow-doctor litigation. If by intervention, Sydow would have mistakenly reimbursed Transamerica for compensation payments made, Transamerica might have been subject to additional litigation in which Sydow would seek recovery of the money paid Transamerica.

This is not to say that I condone the letter sent by Sydow's lawyer. Opposing lawyers' first duty was not to bypass the issue of reimbursement but to definitely determine the right of Transamerica to reimbursement. If a difference of opinion prevailed, the issue could have been reserved for action pending disposition of the Sydow-doctor litigation.

The dismissal of plaintiff's complaint should be affirmed in this appeal.